THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **FACTORY MUTUAL INSURANCE COMPANY**, as subrogee of Agilent Technologies, Inc., | |
| Plaintiff, | |
| v. | Case No. 2:25-cv-02424-TLP-tmp |
| **XPEDIENT MANAGEMENT GROUP, LLC and ST. PAUL FIRE AND MARINE INSURANCE COMPANY,** | JURY TRIAL DEMANDED |
| Defendants. | |

### XPEDIENT MANAGEMENT GROUP, LLC'S MEMORANDUM OF AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS

The issues that Factory Mutual Insurance Company ("Plaintiff") asserts in this lawsuit are already before this Court in *Agilent Technologies, Inc. v. Xpedient Management Group, LLC and St. Paul Fire and Marine Ins. Co.*, Case No. 2:25-CV-02101-MSN-CGC (the "Agilent Suit"). See Complaint Agilent Suit Ex. "1." The Agilent Suit was filed on January 30, 2025, and arises from the exact same incident, the same contracts, and alleges a portion of the exact same damages as this lawsuit seeks. Consequently, dismissal of this lawsuit is compelled under the first-to-file rule, and Plaintiff should be compelled to assert any rights as an intervenor under Federal Rule of Civil Procedure 24(a)(2).

Both cases arise from a freeze event that occurred at the Cromwell Warehouse in Memphis, Tennessee on or about January 17, 2024, causing fire sprinklers to burst, which resulted in water damage to Agilent's inventory. Plaintiff insured the inventory and paid Agilent Technologies, Inc.

("Agilent"), $4,787,087.40 for the damage. Factory Mutual Complaint ¶ 43 (Doc. #1). Agilent claims the damages exceed the amount paid by insurance.

## LAW AND ARGUMENT

### I. Legal Standard

Rule 12(b)(1) provides for the dismissal of an action for lack of subject matter jurisdiction. A Rule (12)(b)(1) motion for lack of subject matter jurisdiction can challenge the sufficiency of the pleading (facial attack) or the factual existence of subject matter jurisdiction (factual attack). *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). Where, as here, a defendant challenges the complaint under a factual attack, no presumptive truthfulness applies to the factual allegations. *Ohio Nat. Life Ins. Co. v. U.S.*, 922 F.2d 320, 325 (6th Cir. 1990.) The plaintiff has the burden of proving jurisdiction to survive a motion brought pursuant to Rule 12(b)(1). *Rogers v. Stratton Industries, Inc.*, 798 F.2d 913, 915 (6th Cir. 1986).

The Federal Rules of Civil Procedure permit a defendant to move for dismissal pursuant to Rules (12)(b)(1) and 12(b)(6) simultaneously, but the Court is bound to consider the 12(b)(1) motion first, since the Rule 12(b)(6) challenge becomes moot if the Court lacks subject matter jurisdiction. *Moi v. Greater Cleveland Regional Transit Authority*, 895 F.2d 266, 269 (6th Cir. 1990). If, however, a court finds that it has subject matter jurisdiction, it may proceed to review the challenge made under Rule 12(b)(6). *Moi*, 895 F.2d at 266.

### II. The First-to-File Rule's Goals of Efficiency and Judicial Economy Require Dismissal.

"The first-to-file rule is a prudential doctrine that grows out of the need to manage overlapping litigation across multiple districts." *Baatz v. Columbia Gas Transmission, LLC*, 814 F.3d 785, 789 (6th Cir. 2016). The rule "provides that, when actions involving nearly identical parties and issues have been filed in two different district courts, the court in which the first suit

was filed should generally proceed to judgment." *Id.* (internal citations omitted).  Courts have also applied the first-to-file rule when identical lawsuits are filed in the same district.  *Wallerstein v. Dole Fresh Vegetables, Inc.*, 967 F. Supp. 2d 1289, 1294 (N.D. Cal. 2013)("first-to-file rule is not limited to cases brought in different districts"); *Intervet, Inc. v. Merial Ltd.*, 535 F. Supp. 2d 112 (D.D.C. 2008); *SAS Inst., Inc. v. PracticingSmarter, Inc.*, 353 F.Supp.2d 614, 619 (M.D.N.C.2005) (applying the first-to-file rule to an action for declaratory judgment and dismissing the later-filed patent infringement suit filed in the same district); *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997) (the first-to-file rule "applies where related cases are pending before two judges in the same district...."); *Chapa v. Mitchell*, No. A-05-CV-769-JN, 2005 WL 2978396, at *n. 1 (W.D. Tex. Nov. 4, 2005) (applying first-to-file rule to actions pending in same district court).

In deciding whether to apply the first-to-file rule, "courts generally evaluate three factors: (1) the chronology of events, (2) the similarity of the parties involved, and (3) the similarity of the issues or claims at stake." *Baatz*, 814 F.3d at 789.  All three factors militate in favor of dismissing this action.  First, there is no question that the Agilent Suit was filed first.  Second, the parties in this action are the same because Plaintiff is proceeding "in the shoes of" Agilent as its "subrogee."  The issues are the exact same because Plaintiff is standing in the shoes of Agilent for the amount Plaintiff paid on Agilent's insurance claim.

Having parallel lawsuits involving the same issues would be problematic.  For instance, the operative agreement contains a provision that limits liability to $1,000,000.  See Xpedient Answer First Aff. Def. Exh. "2."  If the lawsuits are parallel, which case does the limit apply to?  Proceeding with two (2) lawsuits on the same issues would be inefficient and potentially could lead to inconsistent rulings.

The first-to-file bar is jurisdictional, such that it serves as a basis for dismissal under Rule 12(b)(1).  *United States v. University of TN Medical Center Home Care Services, LLC*, (E.D. Tenn., August 23, 2021) (citing *Walburn v. Lockheed Martin Corp*., 431 F.3d 966, 970 (6th Cir. 2005).  Therefore, Plaintiff's claims are ripe for dismissal under Rule 12(b)(1).

### III.     Plaintiff Intervention into Agilent Suit is proper remedy.

Plaintiff will not be prejudiced by application of the first-to-file rule because Plaintiff is entitled to intervention into the Agilent Suit under Rule 24(a)(2), which states:

> On timely motion, the court ***must*** permit anyone to intervene who: . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. Rule Civ. P. 24(a)(2).  The Plaintiff is seeking $4,787,087.40 that completely overlaps with the damages sought by Agilent.  The general rule in these circumstances is to require intervention to protect against multiple lawsuits:

> The insurer who pays a part of the loss is only partially subrogated to the rights of the insured. This may occur when the loss exceeds the coverage or when the insurance policy contains a deductible amount that must be borne by the insured. The respective rights of the party in this situation parallel those when there has been a partial assignment. Either the insured or the insurer may sue in his own name. Thus, if the insured brings suit, the insurer who is partially subrogated may intervene in the action to protect his pro rata share of the potential recovery. *If either sues and the other does not voluntarily join or intervene, defendant may protect himself from multiple lawsuits by having the absent party joined*. \* \* \*.

Wright & Miller, Federal Practice and Procedure: Civil § 1546, at pp. 659-60.  Therefore, the proper remedy is not duplicative lawsuits but intervention.

## CONCLUSION

Dismissal of Plaintiff's Complaint is proper under the first-to-file rule, which bars this action because it is redundant of Agilent's first-filed action, which has been pending in this Court

since January 30, 2025. Plaintiff should be instructed to file an intervenor complaint under Rule 24(a)(2) in the Agilent Action.

THIS the 14th day of May 2025.

> */s/ William P. Thomas*
> William P. Thomas (MS 102209)
> Andrew B. Schrack (TN 037624)
> **Butler Snow LLP**
> 6075 Poplar Ave., Ste. 500
> Memphis, TN 38119
> T: 901-680-7200
> F: 901-680-7201
> will.thomas@butlersnow.com
> andrew.schrack@butlersnow.com
> *Attorneys for Defendant Xpedient Management Group, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing document with the Clerk of the Court using the Court's ECF system, which sent notification of such filing to all counsel of record.

> */s/ William P. Thomas*
> William P. Thomas

93716728.v1