# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| **FACTORY MUTUAL INSURANCE COMPANY**, as subrogee of Agilent Technologies, Inc., | * * * * |
| Plaintiff, | * * No. 2:25-cv-02424 |
| v. | * * JURY DEMAND |
| **XPEDIENT MANAGEMENT GROUP, LLC** and **ST. PAUL FIRE AND MARINE INSURANCE COMPANY**, | * * * * |
| Defendants. | * |

### DEFENDANT ST. PAUL FIRE AND MARINE INSURANCE COMPANY'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS

COMES NOW the Defendant, St. Paul Fire and Marine Insurance Company ("St. Paul"), to submit its Memorandum of Law in Support of its Motion to Dismiss.

### SUMMARY OF ARGUMENT

Factory Mutual Insurance Company's Complaint should be dismissed for several reasons. Factory Mutual filed its Complaint after its insured already filed a lawsuit regarding the exact same incident and damages, and the Court should dismiss Factory Mutual's Complaint under the "first-to-file" rule. Further, Factory Mutual's Complaint does not plead sufficient facts establishing St. Paul's possession of or control over the premises where the incident occurred. Moreover, Factory Mutual cannot prove its negligence *per se* claims.

### FACTUAL AND PROCEDURAL BACKGROUND

This case arises from an incident which occurred on January 17, 2024 at a warehouse located at 4601 Cromwell Avenue, Memphis, Tennessee 38118. [Doc 1 ¶¶ 14, 38]. At the time of the incident, that warehouse was owned by St. Paul. [Doc 1 ¶ 14]. St. Paul leased portions of

the warehouse to Defendant Xpedient Management Group, LLC. [Doc 1 ¶ 15]. Agilent Technologies, Inc. contracted with Xpedient to "store, warehouse and care for" Agilent's property. [Doc 1 ¶ 15]. Agilent was insured through Factory Mutual. [Doc 1 ¶ 42]. On January 17, 2024, a pipe in the fire sprinkler system in the warehouse burst because of cold temperatures and caused damage to Agilent's property. [Doc 1 ¶ 38]. Factory Mutual claims that it paid $4,787,087.40 as a result of the damage to Agilent's property. [Doc 1 ¶ 43].

Factory Mutual filed its Complaint with this Court on April 17, 2025. [Doc 1]. In the Complaint, Factory Mutual seeks to recover the $4,787,087.40 it paid out pursuant to its insurance policy, pre-and-post judgment interest, punitive damages, and attorneys' fees. [Doc 1]. In regard to its claims against St. Paul, Factory Mutual asserts negligence, gross negligence, and negligence *per se* claims. [Doc 1 ¶¶ 93-126]. In regard to the negligence and gross negligence claims, Factory Mutual alleges that, as the owner of the warehouse, St. Paul had a duty to maintain and inspect its premises. [Doc 1 ¶¶ 93-109]. In regard to its negligence *per se* claims, Factory Mutual alleges that St. Paul failed to comply with various provisions of the 2021 International Fire Code. [Doc 1 ¶¶ 110-126].

Not referenced in Factory Mutual's Complaint is the fact that there is a nearly-identical lawsuit pending before this Court. On January 30, 2025, Agilent, Factory Mutual's insured, filed a lawsuit with this Court. [Doc 1, Case No. 2:25-cv-02101]. In Agilent's Complaint, it seeks to recover damages in connection with the exact same January 2024 incident from the same defendants named in this case. [Doc 1, Case No. 2:25-cv-02101]. In short, there are two lawsuits involving substantially the same parties and the same claimed damages presently pending before the Court.

## **LAW AND ARGUMENT**

*Fed. R. Civ. P.* 12(b)(6) provides for dismissal of a plaintiff's complaint "for failure to state a claim upon which relief can be granted." *See Fed. R. Civ. P.* 12(b)(6). To "state a claim upon which relief can be granted," *Fed. R. Civ. P.* 12(b)(6), a litigant must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). That standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *See id.* (citing *Twombly*, 550 U.S. at 556). Instead, it requires that a complaint show "facial plausibility." *See id.* In determining if a complaint states a facially plausible claim for relief, a federal court need only consider the "well-pleaded facts" and may disregard "'legal conclusion[s] couched as [] factual allegation[s] . . . .'" *See id.* at 678-79 (quoting *Twombly*, 550 U.S. at 555). However, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," a complaint is subject to dismissal under *Fed. R. Civ. P.* 12(b)(6) because it "has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *See id.* at 679 (quoting *Fed. R. Civ. P.* 8(a)(2)). In this case, there are several grounds for dismissal of Factory Mutual's Complaint.

**I.     Factory Mutual's Complaint should be dismissed under the first-to-file rule.**

Federal courts recognize and regularly apply the "first-to-file rule . . . ."[1] *Baatz v. Columbia Gas Transmission, LLC*, 814 F.3d 785, 789 (6th Cir. 2016). That rule provides that, where multiple lawsuits "'involving nearly identical parties and issues have been filed,'" only the first lawsuit should "'generally proceed to judgment.'" *Id.* (quoting *Certified Restoration Dry Cleaning*

---

[1] Tennessee state courts recognize a similar rule called the "prior suit pending" doctrine. *Old Republic Life Ins. Co. v. Woody*, No. E2016-00844-COA-R3-CV, 2017 Tenn. App. LEXIS 178, at *10-15 (Tenn. Ct. App. Mar. 17, 2017).

*Network, LLC v. Tenke Corp.*, 511 F.3d 535, 551 (6th Cir. 2007)).  The purpose of the first-to-file rule is to "conserve[] judicial resources by minimizing duplicative or piecemeal litigation, and [to] protect[] the parties and the courts from the possibility of conflicting results."  *Id.*  When determining whether to apply the first-to-file rule, courts apply three factors: "(1) the chronology of events, (2) the similarity of the parties involved, and (3) the similarity of the issues or claims at stake."  *Id.* (citing *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 625 (9th Cir. 1991)).  In examining the first factor, courts look to when the complaints at issue were filed.  *Id.* at 790 (citing *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 96 n.3 (9th Cir. 1982)).  In regard to the second and third factors, the parties and issues involved need not be identical, but rather "need only [] substantially overlap" in order for the first-to-file rule to apply."  *Id.* at 791.  Federal courts possess the authority to dismiss lawsuits under the first-to-file rule.  *Carter v. Bank One*, 179 Fed. App'x 338, 340 (6th Cir. 2006).

Factory Mutual's Complaint should be dismissed under the first-to-file rule.  It is undisputed that Agilent, Factory Mutual's insured, filed its lawsuit approximately two-and-a-half months before Factory Mutual filed this case.  Further, both lawsuits involve the exact same January 2024 incident, the same premises, the same defendants, and the same damages Agilent— whether paid for by itself or by Factory Mutual—claims to have sustained.  The only difference between the two lawsuits is the named plaintiffs.  However, Factory Mutual and Agilent are substantially the same party.  After all, Factory Mutual filed a subrogation lawsuit and is therefore requesting that the Court permit it to "'stand in the shoes of'" Agilent and "'assert the rights of the insured against'" the defendants.  *See Travelers Prop. Cas. Co. of Am. v. Terry*, No. M2005-02035-COA-R3-CV, 2007 Tenn. App. LEXIS 14, at *6 (Tenn. Ct. App. Jan. 5, 2007) (quoting *Planters Gin Co. v. Fed. Compress & Warehouse Co., Inc.*, 78 S.W.3d 885, 891 (Tenn. 2002)).  If both

Factory Mutual's and Agilent's lawsuits are allowed to proceed separately, there will be a risk of inconsistent results, in addition to wasting both the parties' and the Court's time and resources. To the extent Factory Mutual argues that it will be prejudiced as a result of dismissing this lawsuit, Factory Mutual has a remedy under the *Federal Rules of Civil Procedure*—namely, intervention in Agilent's lawsuit pursuant to *Fed. R. Civ. P.* 24.

**II.    St. Paul cannot be liable because it is an out-of-possession landlord and the dangerous condition that purportedly caused Factory Mutual's damages arose after Xpedient took possession of the property.**

In Tennessee, "a landlord is not liable to a tenant or a third party for harm caused by a dangerous condition on the leased premises." *Lethcoe v. Holden*, 31 S.W.3d 254, 256 (Tenn. Ct. App. 2000). It is undisputed that a "landlord does not have the obligation of an insurer and does not have the duty of constant care and inspection." *Bobo v. Harris*, 1994 Tenn. App. LEXIS 90, *7 (Ct. App. Feb. 28, 1994) (citing *Glassman v. Martin*, 196 Tenn. 595, 269 S.W.2d 908 (1954)). As a general rule, a "landlord is not liable in tort for dangerous conditions on premises leased to [a] tenant arising **after the delivery of possession to the tenant**." *Maxwell v. Davco Corp. of Tenn.*, 776 S.W.2d 528, 532 (Tenn. Ct. App. 1989) (emphasis added). Additionally, "when a landlord and a tenant have co-extensive knowledge of the dangerous condition, the landlord is not liable to the tenant, or the tenant's employees, for injuries sustained as a result of the dangerous condition." *Lewis v. Fletcher*, No. W2022-00939-COA-R3-CV, 2023 Tenn. App. LEXIS 494 (Ct. App. Nov. 29, 2023)(citing *Lethcoe*, 31 S.W.3d at 256).

St. Paul, as a landlord, cannot be liable as a matter of Tennessee law. It is undisputed that St. Paul leased the property at issue to Xpedient and that Xpedient contracted with Agilent to store the materials well before the January 2024 incident occurred. [Doc 1 ¶¶ 15-18]. St. Paul cannot be liable for damages purely because it leased a premises to Xpedient.

### III. St. Paul cannot be liable because St. Paul did not exercise control over the premises at the time of the January 2024 incident.

A duty to warn of or remove dangerous conditions from a premises arises only under limited circumstances. If a person owns a premises, a duty arises only if the owner exercises "'control [over] the premises.'" *Concklin v. Holland*, 138 S.W.3d 215, 220 (Tenn. Ct. App. 2003) (quoting *Ruth v. Ruth*, 213 Tenn. 82, 372 S.W.2d 285, 287 (Tenn. 1963)). If a plaintiff fails to allege an owner's "actual control" of a premises, the plaintiff cannot "prove the *prima facie* element of duty as is required for any negligence action." *Id.* at 221. If a premises is controlled by someone other than the owner, the person who exercises control over the premises alone owes a duty of care, rather than the owner. *See Johnson v. EMPE, Inc.*, 837 S.W.2d 62, 65 (Tenn. Ct. App. 1992) (affirming dismissal of premises liability claims asserted against a landowner based on the landowner's lack of control).

Factory Mutual cannot succeed on its claims against St. Paul because it failed to allege that St. Paul exercised control over the premises at issue in this lawsuit. Beyond identifying the fact that St. Paul owned the premises and leased it to Xpedient, Factory Mutual's Complaint contains no allegations about whether or not St. Paul exercised control over the premises at the time of the January 2024 incident. [Doc 1 ¶¶ 14-15]. In fact, the only real allegation pertaining to control is directed at Xpedient—namely that Xpedient contracted with Agilent to "store, warehouse and care for" Agilent's property. [Doc 1 ¶ 15]. Factory Mutual cannot prove that St. Paul controlled the premises and Factory Mutual's claims should therefore be dismissed.

### IV. Factory Mutual cannot prove its negligence *per se* claims.

In Tennessee, "[t]he negligence *per se* doctrine is not a magic transformational formula that automatically creates a private negligence cause of action for the violation of every statute." *Rains v. Bend of the River*, 124 S.W.3d 580, 590 (Tenn. Ct. App. 2003) (citing *Talley v. Danek*

*Med., Inc.*, 179 F.3d 154, 158 (4th Cir. 1999)).  It is well-established that "[n]ot every statutory violation amounts to negligence *per se*."  *Id.*  (citing *Snider v. Snider*, 855 S.W.2d 588, 590 (Tenn. Ct. App. 1993)).  In order to establish a negligence *per se* claim, a plaintiff must prove two elements: (1) that the plaintiff "belongs to the class of persons the statute was designed to protect;" and (2) that the plaintiff's injury "is of the type that the statute was designed to prevent."  *Id.*

Factory Mutual cannot succeed on its negligence *per se* claims.  The 2021 International Fire Code, as adopted by the City of Memphis in its ordinances, states its express purpose and describes the type of injury it was designed to prevent.  Specifically, the purpose of the IFC is to establish "a reasonable level of life safety and property protection from the hazards of fire, explosion or [other such] dangerous conditions in new and existing buildings, structures and premises, and to provide a reasonable level of safety to fire fighters and emergency responders during emergency operations."  IFC § 101.3; *see also Plaintiffs v. Kroger Ltd. P'ship I*, No. 2:24-cv-00060, 2025 U.S. Dist. LEXIS 99908, at *14-15 (M.D. Tenn. May 27, 2025) (discussing the requirements of the IFC and concluding it did not prevent the variety of injury claimed in a premises liability case).  The express purpose of the IFC is to protect persons from injuries related to fire; not injuries related to sprinkler discharge or water loss.  Factory Mutual cannot establish that the IFC was designed to prevent the injury it alleges it sustained and its negligence *per se* claims should be dismissed.

**V.     Factory Mutual cannot prove its gross negligence claims.**

By their very name, gross negligence claims require proving a failure to exercise due care (*i.e.*, negligence) with a culpable state of mind.  *Lawson v. Hawkins Cnty.*, 661 S.W.3d 54, 61 (Tenn. 2023).  Stated differently, to prove a gross negligence claim, a plaintiff must first establish

negligence.  For the reasons described above, Factory Mutual cannot prove its negligence claims and its gross negligence claims against St. Paul should likewise be dismissed.

## CONCLUSION

The Court should dismiss Factory Mutual's Complaint against St. Paul.  Factory Mutual filed its lawsuit after its insured, Agilent, filed its lawsuit involving the same parties and subject matter, and Factory Mutual's lawsuit should be dismissed under the first-to-file rule.  Further, St. Paul cannot be liable under Tennessee law as an out-of-possession landlord who did not exercise control over the premises.  Moreover, Factory Mutual cannot prove its negligence *per se* claims because the ordinances they are based on were not designed to prevent the damages Factory Mutual claims.  Because it cannot prove any of its negligence claims, Factory Mutual's gross negligence claims should likewise be dismissed.  Accordingly, St. Paul respectfully requests that the Court dismiss Factory Mutual's Complaint against it in its entirety and with prejudice.

    Respectfully submitted,

    **CARR ALLISON**

    BY: /s/ Michael J. Petherick
        **SEAN W. MARTIN, BPR #020870**
        **MICHAEL J. PETHERICK, BPR #036155**
        Attorneys for St. Paul
        633 Chestnut Street, Suite 2000
        Chattanooga, TN 37450
        (423) 648-9832 / (423) 648-9869 FAX
        swmartin@carrallison.com
        mpetherick@carrallison.com

**CERTIFICATE OF SERVICE**

    I hereby certify that on June 4, 2025, I electronically filed **DEFENDANT ST. PAUL FIRE AND MARINE INSURANCE COMPANY'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

S. Joe Wellborn
Jefferson C. Orr
Brenden T. Holbrook
Smith Cashion & Orr, PLC
3100 West End Avenue, Suite 800
Nashville, TN 37203

William P. Thomas
Andrew B. Schrack
Butler Snow LLP
6075 Poplar Avenue, Suite 500
Memphis, TN 38119

                                BY: /s/ Michael J. Petherick
                                    **SEAN W. MARTIN, BPR #020870**
                                    **MICHAEL J. PETHERICK, BPR #036155**