IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION AT MEMPHIS

| | |
|---|---|
| FACTORY MUTUAL INSURANCE COMPANY, as subrogee of Agilent Technologies, Inc., <br><br>  Plaintiff, <br><br> v. <br><br> XPEDIENT MANAGEMENT GROUP, LLC and ST. PAUL FIRE AND MARINE INSURANCE COMPANY, <br><br>  Defendants. | Case No. 2:25-cv-02424-TLP-tmp <br><br> **JURY TRIAL DEMANDED** |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT
XPEDIENT MANAGEMENT GROUP, LLC'S MOTION TO DISMISS**

Plaintiff Factory Mutual Insurance Company ("FMIC"), as subrogee of Agilent Technologies, Inc. ("Agilent"), by and through undersigned counsel, respectfully submits this Response in Opposition to Defendant Xpedient Management Group, LLC's ("Xpedient") Motion to Dismiss FMIC's Complaint ("Motion") (Doc. #17).

**INTRODUCTION**

FMIC agrees with Xpedient that the case of *Agilent Technologies, Inc. v. Xpedient Management Group, LLC and St. Paul Fire and Marine Ins. Co.*, Case No. 2:25-CV-02101-MSN-CGC (the "*Agilent* Case"), was filed before this Case, and arises from the exact same incident. Namely, losses to Agilent as the result of events occurring on or about January 17, 2024 at a warehouse owned by Defendant St. Paul Fire and Marine Insurance Company ("St. Paul") in Memphis, Tennessee. At the time of those events, Xpedient was leasing portions of that warehouse from St. Paul so that Xpedient could store, warehouse and care for Agilent's inventory. Fire

1

sprinkler pipes in the warehouse froze and burst, which in turn resulted in water damage to Agilent's inventory. FMIC insured Agilent's inventory and paid Agilent $4,787,087.40 for the damage sustained by Agilent as a result of the events. Agilent claims it sustained in excess of $9 million in damages as a result of the incident, FMIC seeks to recover its subrogated portion of the damages sustained by Agilent as a result thereof, and Agilent seeks to recover the entirety of the damages it sustained.

FMIC likewise agrees and acknowledges that the Defendants in the *Agilent* Case and in this Case are the same: St. Paul Fire and Marine Insurance Company ("St. Paul") and Xpedient. FMIC also acknowledges that the causes of action asserted in these two lawsuits arise from and/or relate to the actions/inaction of St. Paul and/or Xpedient with respect to the events and the resultant water damage to Agilent's inventory.

However, that is the extent of FMIC's agreement with Xpedient's Motion, which requests outright dismissal of this action under the "first-to-file rule." The first-to-file rule, however, has never been a mandatory "rule." Rather, in the Sixth Circuit it is simply judicial shorthand for a court's equitable discretion to manage its own docket in light of an earlier filed action pending in a *different district court*. That is not the case here, and for that reason alone, and many other reasons set forth in detail below, this Court should enter an Order denying Xpedient's Motion.

**LAW AND ARGUMENT**

**I. This Court does not lack subject matter jurisdiction because the first-to-file rule should not be applied.**

The first-to-file rule does not apply here because Agilent's and FMIC's actions are in the same Court and the parties and claims are not identical. The first-to-file rule instructs that "when actions involving nearly identical parties and issues have been filed ***in two different district courts***, 'the court in which the first suit was filed should generally proceed to judgment.'" *Baatz v.*

2

*Columbia Gas Transmission, LLC*, 814 F.3d 785, 789 (6th Cir. 2016) (emphasis added) (quoting *Certified Restoration Dry Cleaning Network, LLC v. Tenke Corp.*, 511 F.3d 535, 551 (6th Cir. 2007)); *see also Zide Sport Shop of Ohio v. Ed Tobergte Assoc., Inc.*, 16 Fed. App'x 433, 437 (6th Cir. 2001). Thus, in the Sixth Circuit, only "duplicative" suits "involv[ing] 'nearly identical parties and issues'" that have been filed in "***two different district courts***" are subject to the first-to- file rule. *Baatz*, 814 F.3d at 789 (quoting *Certified Restoration*, 511 F.3d at 551).

"Duplicative lawsuits are those in which the issues 'have such an identity that a determination in one action leaves little or nothing to be determined in the other.'" *Fuller v. Abercrombie & Fitch Stores, Inc.*, 370 F. Supp. 2d 686, 688 (E.D. Tenn. 2005) (quoting *Smith v. S.E.C.*, 129 F.3d 356, 361 (6th Cir. 1997)). To determine whether the suits will be duplicative, the Sixth Circuit considers three factors: "(1) the chronology of events, (2) the similarity of the parties involved, and (3) the similarity of the issues or claims at stake." *Id.*; *see also Baatz*, 814 F.3d at 789 (citing *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 625 (9th Cir. 1991)).

Here, Xpedient asserts that the first-to-file rule warrants a dismissal of this action. But Xpedient overestimates the reach of the first-to-file rule as applied previously by this Court, the Sixth Circuit and other district courts in the Sixth Circuit. As articulated by the Sixth Circuit, the first-to-file rule applies when actions involving substantially similar parties and issues are filed "in ***two different district courts***." *Baatz*, 814 F.3d at 789 (emphasis added). Unlike the cases where the first-to-file rule traditionally applies, both the *Agilent* Case and this Case are pending in the same district court.

In fact, in the context of two cases pending before the same court or the same judge, courts in the Sixth Circuit, including this Court, regularly decline to apply the first-to-file rule. *See Wade v. Foremost Ins. Co. Grand Rapids*, 2019 U.S. Dist. LEXIS 241868 *5-6 (W.D. Tenn. Sept. 3,

2019) (holding the first-to-file rule not applicable where the two cases were before the same court); *Powell v. Oldham*, 2018 U.S. Dist. LEXIS 39058, *12 (W.D. Tenn. Mar. 9, 2018) (collecting cases declining to apply the first-to-file rule when the two actions are actively pending before the same judge); *Word Music, LLC v. Priddis Music, Inc.*, 2007 U.S. Dist. LEXIS 80374, *3 (M.D. Tenn. Oct. 30, 2007) (concluding that the first-to-file rule "is no longer relevant" after transfer of the second action to the same district and judge presiding over the first action).

Moreover, not only are the instant Case and the *Agilent* Case not in different district courts, but FMIC is not involved in the *Agilent* Case, FMIC's subrogation claim is not already pending in the *Agilent* Case, and this is not a "race to the courthouse" situation.[1] FMIC and Agilent are simply not identical parties, and the "first-to-file" rule is thus inapplicable.

Another reason for denial of Xpedient's Motion is that the claims at issue in these two cases are not the same. While Agilent and FMIC have both asserted breach of contract, negligence and gross negligence claims against Xpedient and have both asserted negligence claims against St. Paul, FMIC has also asserted negligence per se claims against Xpedient and St. Paul and a gross negligence claim against St. Paul. Thus, the claims at issue are not "duplicative," as determination of all the issues in the *Agilent* Case would not resolve FMIC's negligence per se claims against Xpedient and St. Paul in this Case, nor would it resolve FMIC's gross negligence claim against St. Paul in this Case. Accordingly, the first-to-file rule is inapplicable, and this Case, the second filed action, is not subject to dismissal.

---

[1] The Court in *Hertel v. Bank of Am. N.A.*, 2012 U.S. Dist. LEXIS 130232, *7-8 (W.D. Mich., Sept. 13. 2012) expressed doubt that as to whether the first-to-file doctrine is appropriate in situations not involving a "race to the courthouse," because "[t]he Sixth Circuit has only invoked this doctrine in actions where one party has filed a declaratory judgment action in one district and the other party has filed a legal action for damages in another."

4

## II. Even if the first-to-file rule could apply here, the Court should exercise its discretion and either deny the Motion or reassign this Case to Judge Mark S. Norris for consolidation with the *Agilent* Case.

It is clearly within the discretion of the district court to decline to apply the first-to-file rule. *Baatz*, 814 F.3d at 793. Thus, in determining whether to exercise its discretion, courts often consider whether any equitable considerations merit not applying the first-to-file rule in a particular case. See *Baatz*, 814 F.3d at 792 ("Although all three factors of the first-to-file rule are satisfied in this case, we must also evaluate whether there are any equitable concerns that weigh against applying it."). An analysis of whether to apply the first-to-file rule requires consideration of "rare or extraordinary circumstances, inequitable conduct, bad faith, or forum shopping," which permits district courts to exercise "discretion to retain jurisdiction given appropriate circumstances justifying departure from the first-filed rule." *E.E.O.C. v. Univ. of Penn.*, 850 F.2d 969, 972 (3d Cir. 1988), aff'd, 493 U.S. 182 (1990). Here, there has been no forum shopping or bad faith on the part of FMIC, and the Court should exercise its discretion and not dismiss this case pursuant to the first-to-file rule.

Even if the Court were to determine that the first-to-file rule should be applied, the first-to-file rule does not compel dismissal of this Case in favor of the *Agilent* Case. A court applying the first-to-file rule "may exercise its discretion" and (1) stay the suit before it," (2) "allow both suits to proceed," (3) "in some circumstances, ... enjoin the parties from proceeding in the other suit," (4) dismiss the later-filed action in some circumstances, or (5) ***identify other available options***. *Baatz,* 814 F.3d at 793 ("We cannot anticipate every situation involving the first-to-file rule that may arise, and will not limit the district courts' available options.") (emphasis added). Although "[d]ismissal may be an appropriate way to implement the first-to-file rule in some

5

circumstances, ... a district court can abuse its discretion by dismissing a case under the first-to-file rule when doing so could adversely affect a party's interests." *Id.* at 793-94.

Indeed, as this Court determined in *Mitchell v. Wells Fargo Bank, N.A.*, 2020 U.S. Dist. LEXIS 238542 * 13-14 (W.D. Tenn., Dec. 14, 2022), "few courts choose flatly to dismiss a second-filed suit, and in many of these cases the reason for dismissal is a court's inability to transfer." *Id.* (citations omitted). Instead, courts applying the first-to-file rule generally transfer the second-filed action. *Id.*

Here, since both actions are pending in the same district court, but are before two different judges, this Court should either deny the Motion, or exercise another "available option" and reassign this Case to Judge Mark S. Norris pursuant to LR 3.1(c) and 83.8(d) for consolidation with the *Agilent* Case. Reassignment of this case to Judge Mark Norris followed by consolidation of these two cases is the appropriate remedy, because consolidation serves all of the purposes cited by Xpedient in support of application of the first-to-file rule, including avoiding duplication of judicial effort and eliminating the risk of inconsistent rulings.

### III. CONCLUSION

Based on the foregoing, FMIC requests that the Court enter an Order denying Xpedient's Motion.

Respectfully submitted,

*/s/ S. Joe Welborn*
Jefferson C. Orr, TN BPR No. 12743
S. Joe Welborn, TN BPR No. 21747
Brenden T. Holbrook, TN BPR No. 39485
SMITH CASHION & ORR, PLC
3100 West End Avenue
Suite 800 – One American Center
Nashville, TN 37203
(615) 742-8565 – Tel
jorr@smithcashion.com

jwelborn@smithcashion.com
bholbrook@smithcashion.com

*Attorneys for Plaintiff Factory Mutual Insurance Company*

## CERTIFICATE OF SERVICE

    I hereby certify that I electronically filed the foregoing document with the Clerk of the Court using the Court's ECF system, which sent notification of such filing to all counsel of record.

*/s/ S. Joe Welborn*
S. Joe Welborn