IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION AT MEMPHIS

FACTORY MUTUAL INSURANCE
COMPANY, as subrogee of Agilent
Technologies, Inc.,

     Plaintiff,

v.

XPEDIENT MANAGEMENT GROUP, LLC
and ST. PAUL FIRE AND MARINE
INSURANCE COMPANY,

     Defendants.

**Case No. 2:25-cv-02424-TLP-tmp**

**JURY TRIAL DEMANDED**

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO REASSIGN AND TO CONSOLIDATE CASES

Comes now the Plaintiff, Factory Mutual Insurance Company ("FMIC"), as subrogee of Agilent Technologies, Inc. ("Agilent"), by and through undersigned counsel, and respectfully submits the following Memorandum of Law in support of its Motion to Reassign this case to Judge Mark S. Norris pursuant to Local Rules 3.1(c) and 83.8(d) and to have Judge Norris consolidate this case with the related case of *Agilent Technologies, Inc. v. Xpedient Management Group, LLC and St. Paul Fire and Marine Ins. Co.*, U.S. District Court, Western District, Western Division, Case No. 2:25-CV-02101-MSN-CGC (the "*Agilent*" Case) for discovery, all pre-trial matters and trial pursuant to Fed. R. Civ. P. 42(a).

In support of its motion, FMIC states as follows:

## I.  STATEMENT OF FACTS

The following facts are material to this Motion.

1

1.      The Complaint in the *Agilent* Case was filed January 30, 2025, in the Western District of Tennessee, Western Division. (*Agilent* Docket Sheet, attached hereto as **Exhibit A**).

2.      The Complaint in this Case was filed April 17, 2025, in the Western District of Tennessee, Western Division. (Doc. #1).

3.      The Defendants in the Agilent Case and in this case are the same: St. Paul Fire and Marine Insurance Company ("St. Paul") and Xpedient Management Group, LLC ("Xpedient"). (Complaint filed in *Agilent* Case ("Agilent Complaint"), attached hereto as **Exhibit B**).

4.      The *Agilent* Case and this case arise from the exact same facts and circumstances: namely, losses to Agilent as the result of events occurring on or about January 17, 2024 at a warehouse owned by St. Paul in Memphis, Tennessee.  At the time of those events, Xpedient was leasing portions of that warehouse from St. Paul so that Xpedient could store, warehouse and care for Agilent's inventory. Fire sprinkler pipes in the warehouse froze and burst, which in turn resulted in water damage to Agilent's inventory.  FMIC insured Agilent's inventory and paid Agilent $4,787,087.40 for the damage sustained by Agilent as a result of the events. *See* FMIC Complaint ¶ 43 (Doc. #1). Agilent claims it sustained in excess of $9 million in damages as a result of the events at the warehouse. *See* Agilent Complaint ¶¶ 63-68, attached hereto as **Exhibit B**. FMIC seeks to recover its subrogated portion of the damages sustained by Agilent as a result thereof, while Agilent seeks to recover the entirety of the damages it sustained.

5.      In this case, FMIC, as subrogee of Agilent, has asserted claims for breach of contract and breach of bailment and/or negligent bailment against Xpedient, and claims for negligence, gross negligence and negligence per se against both Xpedient and St. Paul.  (Doc. #1). In the *Agilent* Case, Agilent has asserted claims for breach of contract, breach of

bailment/negligent bailment, negligent misrepresentation, negligence and/or reckless actions or omissions, and declaratory relief against Xpedient, and a negligence claim against St. Paul.

6.      The causes of action asserted in these two lawsuits arise from and/or relate to the actions/inaction of St. Paul and/or Xpedient with respect to the events and the resultant water damage to Agilent's inventory.

7.      Defense counsel are the same in this Case and the *Agilent* Case.

8.      Agilent and FMIC have both demanded a jury.

9.      Procedurally, both cases are in the early stages of litigation. A Scheduling Conference has not been conducted in either case, and neither case has been set for trial.

10.     In the *Agilent* Case, Xpedient answered Agilent's Complaint and filed a Cross-Claim against St. Paul on February 24, 2025. St. Paul filed a Motion to Dismiss Agilent's Complaint on February 24, 2025, and a Motion to Dismiss Xpedient's Cross-Claim on March 17, 2025. Briefing on St. Paul's dispositive motions was complete on April 30, 2025. A Scheduling Conference is set for August 15, 2025.

11.     In this case, Xpedient filed a Motion to Dismiss based upon the first-to-file rule on May 14, 2025 (Doc. #17), and St. Paul filed a similar Motion to Dismiss on June 4, 2025 (Doc. #21).  A Scheduling Conference has not been set in this case.

## II. LAW AND ARGUMENT

### A.  This Case Should be Reassigned to Judge Mark S. Norris

This matter should be reassigned to Judge Mark S. Norris for further proceedings, because the captioned matter is a "related case" to the *Agilent* Case.

The Local Rules of this Court provide that if a later-filed case is related to an earlier-filed case then the later-filed case should be assigned to the Judge before whom the earlier-filed case is

pending. LR 83.8(c). Under the Local Rules of this Court, a "related case" is one that: (1) relates to property involved in an earlier filed case (that is, the case assigned the lower case number), (2) arises out of the same transaction or occurrence and involves one or more of the same parties as an earlier filed case, or (3) involves the validity or infringement of a patent at issue in an earlier filed case. LR 3.1(b). Further, "[c]ases may be related even if one case already has been dismissed or otherwise terminated or if they have parties other than the party or parties in the earlier filed case." *Id.* The purpose of LR 3.1(b) and LR 83.8(c) on related cases is to reduce duplication of judicial efforts and to maximize efficiency in the prompt disposition of related cases. LR 83.8(c).

The *Agilent* Case and the claims in the captioned matter arise out of the same occurrence and transaction – the events that occurred on January 17, 2024, in St. Paul's warehouse that caused the fire sprinkler pipes in that warehouse to freeze and burst, which in turn resulted in water damage to Agilent's inventory. The *Agilent* Case and the claims in the captioned matter also involve most of the same parties, Agilent, FMIC, as Agilent's subrogate property insurer, Xpedient and St. Paul. Accordingly, this Case is a "related case" to the *Agilent* Case and should be reassigned to Judge Mark S. Norris for further proceedings. Counsel for Agilent and Xpedient have advised that Agilent and Xpedient do not oppose this motion.

B. **This Case Should be Consolidated with the *Agilent* Case**

Consolidation is appropriate when two cases "involve a common question of law or fact." Fed. R. Civ. P 42(a). Consolidation is a matter within the trial court's discretion. *Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993). Trial courts have broad discretion to consolidate cases, even "on its own motion, and despite the protestations of the parties." *Id*.

The underlying objective of consolidation is "to administer the court's business with expedition and economy while providing justice to the parties." *Advey v. Celotex Corp.*, 962 F.2d

1177, 1180 (6th Cir. 1992) (quoting 9 Wright & Miller, Federal Practice and Procedure, § 2381 (1971)).  Accordingly, in considering motions to consolidate, trial courts must consider (1) whether the specific risks of prejudice and possible confusion are overborne by the risk of inconsistent adjudications of common factual and legal issues, (2) the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, (3) the time to conduct multiple lawsuits as against a single one, and (4) the relative expense to all concerned of the single-trial, multiple-trial alternatives. *Cantrell*, 999 F.2d at 1011. Each of these four factors supports consolidation of these two cases.

It is beyond dispute that the instant case and the *Agilent* Case arise out of the same events, involve identical contracts, and will center around the same questions of law and legal arguments: do Agilent and its subrogated insurer, FMIC, have the right to recover damages from Xpedient and/or St. Paul for Xpedient's contractual breaches and for Xpedient's and/or St. Paul's negligence/gross negligence/negligence per se.

Further, consolidating these actions will result in a streamlined discovery process for the parties and judicial efficiency for the Court. *See Atkinson v. Morgan Asset Mgmt., Inc.*, 2008 U.S. Dist. LEXIS 130567, at *34 (W.D. Tenn. Sept. 23, 2008) (consolidating cases saves judicial resources and prevents unnecessary cost and delay).  For example, by consolidating the cases and operating under a single scheduling order, the parties could arrange and avoid conflicting and duplicative scheduling of depositions. Indeed, by proceeding forward with one trial, judicial resources will be best preserved by hearing the identical witnesses one time, instead of twice, thereby allowing the Court to adjudicate the claims "with expedition and economy while providing justice to the parties." *Advey*, 962 F.2d at 1180.

Consolidation will also avoid the risk of inconsistent pre-trial rulings. *See McNeil v. Memphis Police Association, Inc.*, 2008 U.S. Dist. LEXIS 45523, *7-8 (W.D. Tenn. June 11, 2008) (cases involved essentially identical questions of law and fact, the same defendants, and the same evidence). Given that both actions are in early stages of litigation, neither party will experience prejudice or an added burden due to consolidation of these matters. In fact, three of the four parties involved (FMIC, Agilent and Xpedient) agree that the instant case should be transferred to Judge Norris and that Judge Norris should consolidate the two cases for all purposes. Consolidation will also conserve money, time and resources for the parties, the witnesses, and the Court.

### III. CONCLUSION

Based on the foregoing, FMIC requests that the Court grant its Motion to Reassign and Consolidate this Case with the *Agilent* Case.

Respectfully submitted,

/s/ S. Joe Welborn
Jefferson C. Orr, TN BPR No. 12743
S. Joe Welborn, TN BPR No. 21747
Brenden T. Holbrook, TN BPR No. 39485
SMITH CASHION & ORR, PLC
3100 West End Avenue
Suite 800 – One American Center
Nashville, TN 37203
(615) 742-8565 – Tel
jorr@smithcashion.com
jwelborn@smithcashion.com
bholbrook@smithcashion.com

*Attorneys for Plaintiff Factory Mutual Insurance Company*

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing document with the Clerk of the Court using the Court's ECF system, which sent notification of such filing to all counsel of record. I also certify that on June 23, 2025 I served the foregoing document via U.S. Mail and e-mail upon the following counsel for Agilent Technologies, Inc.:

Elena R. Mosby
Douglas F. Halijan
Burch, Porter & Johnson PLLC 130
North Court Avenue Memphis, TN 38103

Amber S. Finch
Margaret Clemans McDonald
Reed Smith, LLP
515 South Flower Street, Suite 4300
Los Angeles, CA 90071

*/s/ S. Joe Welborn*
 S. Joe Welborn