IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION AT MEMPHIS

| | |
|---|---|
| FACTORY MUTUAL INSURANCE COMPANY, as subrogee of Agilent Technologies, Inc., <br><br> Plaintiff, <br><br> v. <br><br> XPEDIENT MANAGEMENT GROUP, LLC and ST. PAUL FIRE AND MARINE INSURANCE COMPANY, <br><br> Defendants. | 2:25-cv-02424-TLP-tmp <br><br> **JURY TRIAL DEMANDED** |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION FOR LEAVE TO AMEND COMPLAINT**

Plaintiff, Factory Mutual Insurance Company (hereinafter, "FMIC" or "Plaintiff"), as subrogee of Agilent Technologies, Inc. ("Agilent"), by and through undersigned counsel and pursuant to Rule 15 of the Federal Rules of Civil Procedure, hereby submits its Memorandum of Law in Support of its Motion for Leave to Amend its Complaint against Defendants Xpedient Management Group, LLC ("Xpedient") and St. Paul Fire and Marine Insurance Company ("St. Paul") (hereinafter collectively "Defendants"). (Doc. #1).

**STATEMENT OF THE CASE**

This matter arises from a water loss incident that caused substantial damage in excess of $9 million to Agilent's consumable goods inventory stored at a warehouse owned and operated by St. Paul in Memphis, Tennessee (the "Warehouse"). The damage stems from the failure by St. Paul, as owner of the Warehouse, and Xpedient, as warehousing company storing Agilent's inventory, to maintain the necessary and code required temperatures inside the Warehouse to

ensure that the wet pipe fire sprinkler system in the Warehouse would not freeze and burst. As a result, FMIC filed the instant lawsuit on April 17, 2025 against Defendants. (Doc. # 1). FMIC, as subrogee of Agilent, has asserted claims for breach of contract and breach of bailment and/or negligent bailment against Xpedient, and claims for negligence, gross negligence and negligence per se against both Xpedient and St. Paul. *Id.*

Xpedient filed a Motion to Dismiss based upon the first-to-file rule on May 14, 2025 (Doc. #17).¹ St. Paul filed a Motion to Dismiss on June 4, 2025 (Doc. #21) based upon the first-to-file rule and based upon its *misplaced* ² argument that FMIC cannot prove the prima facie element of duty in its negligence, gross negligence and negligence per se claims against St. Paul if FMIC does not allege that St. Paul, as owner of the Warehouse, was in "actual control" of the Warehouse.

FMIC disagrees with St. Paul's contentions in this regard for many reasons. First, FMIC's Complaint is full of factual content that would allow this Court to draw the reasonable inference that St. Paul was in control of the Warehouse and is liable for the misconduct alleged as required by *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). Specifically, FMIC's Complaint (Doc #1) alleges that:

- St. Paul owned and operated the entire Warehouse (Doc. #1, ¶¶ 14, 41);

- At all times prior to the date of the water loss event at issue, the entire Warehouse was without a working gas line and was unheated (Doc. #1, ¶¶ 19-25);

---

¹ FMIC filed its Response in Opposition to Xpedient's Motion to Dismiss on June 11, 2025 (Doc. # 22) and will file its Response in Opposition to St. Paul's Motion to Dismiss within the time limits for doing so set forth in the Local Rules of this Court.

² FMIC maintains that St. Paul's arguments are misplaced, because its lack of duty owed arguments are all based upon premises liability cases and this is not a premises liability case. Instead, FMIC's causes of action against St. Paul are based upon St. Paul's active breaches of statutory duties that St. Paul, as the owner and operator of the warehouse containing a wet pipe sprinkler system, owed to Agilent to protect Agilent's property located in that Warehouse.

- At all times prior to the date of the water loss event at issue, the entire Warehouse contained a wet pipe fire sprinkler system (*Id*);

- At all times prior to the date of the water loss event at issue, Defendants knew or should have known that the Warehouse should be heated to at least 40° F as there was a wet pipe fire sprinkler system maintained therein (*Id.*);

- At all times prior to the date of the water loss event at issue, Defendants knew or should have known that the Warehouse was without a working gas service line and was unheated (*Id.*);

- At all times prior to the date of the water loss event at issue, Defendants did not take the necessary steps to remedy this hazardous condition by heating the Warehouse (*Id.*);

- At all times prior to the date of the water loss event at issue, Defendants did not take the necessary steps to remedy this hazardous condition by winterizing the wet pipe sprinkler system at the onset of freezing weather in 2023 and 2024 (*Id.*);

- On or around the evening of January 17, 2024, in the midst of the deep freeze, a fire sprinkler pipe located in the unheated Warehouse broke and failed, causing extensive water damage to Agilent's Tips Inventory(Doc. #1, ¶ 38); and

- The Defendants' failure to keep the Warehouse appropriately heated and/or the wet pipe fire sprinkler system winterized allowed the wet pipe fire sprinkler system to break and fail (Doc. #1, ¶ 39).

Clearly, a reasonable inference from the above factual allegations is that St. Paul, as owner of the entire warehouse, was in control of and was charged with a duty to maintain the temperature inside the **entire Warehouse** above 40° F so that wet pipe fire sprinkler system would not freeze and burst, causing damage to property inside the Warehouse. This is not a situation where the allegations of St. Paul's negligent conduct are limited to that portion of the warehouse leased to Xpedient. Nevertheless, out of an abundance of caution and as allowed by Rule 15(a) of the Federal Rules of Civil Procedure, FMIC now requests leave to amend its Complaint to more clearly set forth the relationships between the Plaintiff and Defendants, as well as between the Defendants

3

themselves. Accordingly, based on the foregoing facts and arguments more fully set forth below, FMIC respectfully requests that this Honorable Court grant FMIC leave to amend its complaint.

## LAW AND ARGUMENT

### A. FMIC should be allowed to amend its Complaint as a matter of right under Fed. R. Civ. P. 15 (a)(1)(B).

Courts applying Rule 15(a)(1)(B)[3] of the Federal Rules of Civil Procedure to cases involving multiple defendants like the instant case have found that a plaintiff may file an amended complaint as of right against "those defendants who, at the time the plaintiff files his amendment, have filed an answer or a Rule 12(b), (e), or (f) motion, but who have made that filing exactly or fewer than 21 days before the plaintiff files his amendment." *Villery v. Dist. of Columbia*, 277 F.R.D. 218, 219 (D.D.C. 2011); *see also Courser v. Allard*, 2016 U.S. Dist. LEXIS 200624, 2016 WL 10592322, at *1 (W.D. Mich. Dec. 19, 2016) (same); *Southall v. USF Holland, LLC,* 2020 U.S. Dist. LEXIS 262263, 2020 WL 12948058, at *2 (M.D. Tenn. Apr. 10, 2020) (same); *Elkins v. Extreme Prods. Grp.*, *LLC*, 2021 U.S. Dist. LEXIS 64844, 2021 WL 1240778, at *3 (E.D. Ky. Apr. 2, 2021) (quoting *Cowan v. Miller*, 2016 U.S. Dist. LEXIS 108182, 2016 WL 4362868, at *2 (E.D. Mich. Aug. 16, 2016) ("'when a plaintiff seeks to amend his or her complaint against multiple defendants . . . each defendant is treated separately under Rule 15 for purposes of amending as of right.'").[4]

---

[3] Fed. R. Civ. P. 15 (a)(1)(B) provides "[a] party may amend its pleading once as a matter of course no later than . . . 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier…"

[4] But see, *Evans v. City of Ann Arbor*, 2021 U.S. Dist. LEXIS 130882, 2021 WL 2949502, at *2 (E.D. Mich. July 14, 2021) ("the right to amend as a matter of course is triggered only after the first responsive pleading is filed"); see also *McBride v. Performance Food Grp., Inc.*, 2022 U.S. Dist. LEXIS 114085, 2022 WL 2328665, at *3 (E.D. Mich. June 28, 2022) (same); *DPH Mech. Contrs., Inc. v. Berkley Se. Ins. Grp.* 2025 U.S. Dist. LEXIS 2815 * 3-4 (W.D. Tenn. Jan 7, 2025) (same).

4

Accordingly, FMIC submits that it is entitled to file its Amended Complaint *as a matter of right* pursuant to Fed. R. Civ. P. 15 (a)(1)(B) because St. Paul filed its Motion to Dismiss under Rule 12(b) less than 21 days ago on June 4, 2025.

**B. To the extent this Court determines FMIC cannot amend its Complaint as a matter of right, FMIC should be granted leave to amend its Complaint pursuant to Fed. R. Civ. P. 15 (a)(2).**

Federal Rule of Civil Procedure 15(a)(2) provides that district courts should "freely" grant a motion for leave to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). This "mandate" flows from the principle that a plaintiff "ought to be afforded an opportunity to test [their] claim on the merits" where "the underlying facts or circumstances relied upon . . . may be a proper subject of relief . . ." *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962). Thus, absent "any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Leary v. Daeschner*, 349 F.3d 888, 905 (6th Cir. 2003) (quoting *Foman*, 371 U.S. at 182).

Sixth Circuit case law "'manifests 'liberality in allowing amendments to a complaint.'" *Newberry v. Silverman*, 789 F.3d 636, 645 (6th Cir. 2015) (quoting *Janikowski v. Bendix Corp.*, 823 F.2d 945, 951 (6th Cir. 1987)). Even when a complaint is subject to dismissal, which is what both Defendants have urged this Court to do, "the Court may grant leave to amend to allow Plaintiff an opportunity to supply the clarifying information." *Bailey v. Williams*, 2025 U.S. Dist. LEXIS 50140, *9 (M.D. Tenn. Mar. 19, 2025); *LaFountain v. Harry,* 716 F.3d 944, 951 (6th Cir. 2013). This is so because "it is quite common for a plaintiff to file a motion to amend in order to cure

deficiencies exposed in a motion to dismiss." *Smith v. Robbins & Myers, Inc.*, 2012 U.S. Dist. LEXIS 164868, 2012 WL 5845072, at *4 (S.D. Ohio Nov. 19, 2012).

Indeed, "[t]he Federal Rules of Civil Procedure specifically anticipate that a plaintiff will attempt to cure defects or weaknesses in a complaint, which is why Rule 15(a) states that a plaintiff may amend his complaint once as a matter of course within 21 days of the service of a Rule 12(b) motion." *Tompkins v. Bonnie Plants Inc.*, 2019 U.S. Dist. LEXIS 241720 *2 (E.D. Ky. Aug. 16, 2019) (citing Fed. R. Civ. P. 15(a)).

The advisory committee's notes to Rule 15(a) explain that:

> [T]he right to amend once as a matter of course [ ] 21 days after service of a motion under Rule 12(b), (e), or (f) . . . force[s] the pleader to consider carefully and promptly the wisdom of amending to meet the arguments in the motion. A responsive amendment may avoid the need to decide the motion or reduce the number of issues to be decided, and will expedite determination of issues that otherwise might be raised seriatim. It also should advance other pretrial proceedings.

Fed. R. Civ. P. 15(a) advisory committee's notes to 2009 amendment.

Here, principles of law and equity require FMIC to be able to amend its Complaint to better encapsulate the relationship between the parties involved in the dispute. As stated in the Plaintiff's First Amended Complaint, St. Paul is the owner of the Warehouse. Xpedient leased a portion of the Warehouse from St. Paul wherein it stored Agilent's inventory. This information, while generally described in the initial Complaint, merits clearer articulation to avoid confusion regarding each party's role and legal obligations, particularly in light of the claims asserted. FMIC seeks to amend its Complaint not to invoke new causes of action, but rather to more precisely detail the parties' interrelationships and to clarify the basis for liability against St. Paul.

Moreover, there is no indication that FMIC has acted with undue delay or in bad faith. The information FMIC seeks to include is not unknown to the Defendants. Rather, FMIC's amendment

provides the Defendants with a clearer description of the factual basis for the allegations asserted. As such, Defendants would not face undue prejudice as a result of this amended complaint.

## CONCLUSION

For these reasons, and in light of the liberal standard for amendment allowed under Fed. R. Civ. P. 15, Plaintiff respectfully requests that this Court either allow FMIC to amend its Complaint as a matter of right or grant FMIC leave to amend its complaint against Defendants.

Respectfully submitted,

*/s/ Brenden T. Holbrook*
S. Joe Welborn, TN BPR No. 21747
Brenden T. Holbrook, TN BPR No. 39485
SMITH CASHION & ORR, PLC
3100 West End Avenue
Suite 800 – One American Center
Nashville, TN 37203
(615) 742-8586 – Tel
jwelborn@smithcashion.com
bholbrook@smithcashion.com

*Attorneys for Plaintiff Factory Mutual Insurance Company, as subrogee of Agilent Technologies, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 23, 2025, I electronically filed Plaintiff's ***Memorandum of Law in Support of its Motion for Leave to Amend Complaint*** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Sean W. Martin
Michael J. Petherick
633 Chestnut Street, Suite 2000
Chattanooga, TN 37450
(423) 648-9832 / (423) 648-9869 FAX
swmartin@carrallison.com
mpetherick@carrallison.com
*Attorneys for Defendant St. Paul*

William P. Thomas
Butler Snow LLP
1020 Highland Colony Parkway, Suite 1400
Ridgeland, MS 39157
Will.Thomas@butlersnow.com

Andrew B. Schrack
Butler Snow LLP
6075 Poplar Avenue, Suite 500
Memphis, TN 38119
Andrew.Schrack@butlersnow.com
*Attorneys for Defendant Xpedient Management Group. LLC*

*/s/ Brenden T. Holbrook*
Brenden T. Holbrook