### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

| | |
|---|---|
| **FACTORY MUTUAL INSURANCE COMPANY**, as subrogee of Agilent Technologies, Inc., | * * * * |
| Plaintiff, | * * |
| v. | No. 2:25-cv-02424 |
| | * * JURY DEMAND |
| **XPEDIENT MANAGEMENT GROUP, LLC** and **ST. PAUL FIRE AND MARINE INSURANCE COMPANY**, | * * * * |
| Defendants. | * |

### DEFENDANT ST. PAUL FIRE AND MARINE INSURANCE COMPANY'S RESPONSE IN OPPOSITION TO PLAINTIFF FACTORY MUTUAL INSURANCE COMPANY'S MOTION TO REASSIGN AND CONSOLIDATE CASES

COMES NOW the Defendant, St. Paul Fire and Marine Insurance Company ("St. Paul"), to submit its Response in Opposition to Plaintiff Factory Mutual Insurance Company's Motion to Reassign and Consolidate Cases ("Motion to Consolidate") [Doc 23].

### SUMMARY OF ARGUMENT

Factory Mutual's Motion to Consolidate should be denied. The Court cannot consolidate a case that should have never been filed. Rather than filing its own separate lawsuit, Factory Mutual should have intervened in the lawsuit of its insured, Agilent Technologies, Inc.

### FACTUAL AND PROCEDURAL BACKGROUND

This case arises from an incident which occurred on January 17, 2024 at a warehouse located at 4601 Cromwell Avenue, Memphis, Tennessee 38118. [Doc 1 ¶¶ 14, 38]. At the time of the incident, that warehouse was owned by St. Paul. [Doc 1 ¶ 14]. St. Paul leased portions of the warehouse to Defendant Xpedient Management Group, LLC. [Doc 1 ¶ 15]. Agilent contracted

with Xpedient to "store, warehouse and care for" Agilent's property. [Doc 1 ¶ 15]. Agilent was insured through Factory Mutual. [Doc 1 ¶ 42]. On January 17, 2024, a pipe in the fire sprinkler system in the warehouse burst because of cold temperatures and caused damage to Agilent's property. [Doc 1 ¶ 38]. Factory Mutual claims that it paid $4,787,087.40 as a result of the damage to Agilent's property. [Doc 1 ¶ 43].

On January 30, 2025, Agilent, Factory Mutual's insured, filed a lawsuit with the Court. [Doc 1, Case No. 2:25-cv-02101]. That case was assigned to United States District Court Judge Mark S. Norris. [Doc 3, Case No. 2:25-cv-02101]. Despite the pendency of the lawsuit already filed by its own insured, and instead of intervening in Agilent's lawsuit, Factory Mutual filed this lawsuit on April 17, 2025. [Doc 1]. Just like Agilent's lawsuit, Factory Mutual's lawsuit seeks damages incurred by Agilent in connection with the January 17, 2024 incident against the exact same defendants. [Doc 1]. Factory Mutual's case was assigned to United States District Court Judge Thomas L. Parker. [Doc 3].

On June 23, 2025, Factory Mutual filed its Motion to Consolidate. [Doc 23]. In that motion, Factory Mutual requests that the Court reassign its lawsuit to United States District Court Judge Mark S. Norris. [Doc 23]. Additionally, Factory Mutual requests that the Court consolidate its lawsuit with Agilent's lawsuit for discovery and trial. [Doc 23]. On June 27, 2025, the Court entered an order directing the clerk to reassign Factory Mutual's case to Judge Mark S. Norris. [Doc 25]. Thus, the only remaining issue pending before the Court with respect to the Motion to Consolidate is whether the Court should consolidate Factory Mutual's lawsuit with Agilent's lawsuit.

## LAW AND ARGUMENT

In Tennessee, an insurer's right to subrogation is derivative of the rights of its insured. *See Travelers Prop. Cas. Co. of Am. v. Terry*, No. M2005-02035-COA-R3-CV, 2007 Tenn. App. LEXIS 14, at *6 (Tenn. Ct. App. Jan. 5, 2007) ("[Subrogation] 'allows the insurer to stand in the shoes of the insured and assert the rights of the insured against a third party.'") (quoting *Planters Gin Co. v. Fed. Compress & Warehouse Co., Inc.*, 78 S.W.3d 885, 891 (Tenn. 2002)). If an insured files a lawsuit to recover damages against a defendant, a "subrogation carrier is then barred from bringing its own suit against the same defendant even though the damages for which the carrier is suing is different from that for which the insured sued." *National Cordova Corp. v. Memphis*, 380 S.W.2d 793, 798 (Tenn. 1964). The reason for that rule is simple: "[A] single tort can be the foundation for but one claim for damages. All damages which can by any possibility result from a single tort form an indivisible cause of action." *Id.* Notwithstanding that rule, insurers have a remedy under both federal and Tennessee law if their insureds file lawsuits in which they hold an interest—intervention. *See Fed. R. Civ. P.* 24; *Tenn. R. Civ. P.* 24.01. If a person "claims an interest relating to the property or transaction that is the subject of [an] action," a "court must" permit that person to intervene in the action. *Fed. R. Civ. P.* 24 (a)(2).

Factory Mutual's Motion to Consolidate should be denied because Factory Mutual's lawsuit should never have been filed. Rather than file its own lawsuit seeking the same damages its insured claims, Factory Mutual should have intervened in Agilent's lawsuit because it "claims an interest" in the same damages. *Fed. R. Civ. P.* 24(a)(2).

## CONCLUSION

Factory Mutual's Motion to Consolidate should be denied. Rather than file its own lawsuit seeking the same damages as Agilent against the same defendants, Factory Mutual should have

intervened in Agilent's lawsuit.  Accordingly, St. Paul respectfully requests that the Court enter an order denying Factory Mutual's Motion to Consolidate in its entirety.

        Respectfully submitted,

        **CARR ALLISON**

        BY: /s/ Michael J. Petherick
            **SEAN W. MARTIN, BPR #020870**
            **MICHAEL J. PETHERICK, BPR #036155**
            Attorneys for St. Paul
            633 Chestnut Street, Suite 2000
            Chattanooga, TN 37450
            (423) 648-9832 / (423) 648-9869 FAX
            swmartin@carrallison.com
            mpetherick@carrallison.com

## CERTIFICATE OF SERVICE

    I hereby certify that on July 7, 2025, I electronically filed **DEFENDANT ST. PAUL FIRE AND MARINE INSURANCE COMPANY'S RESPONSE IN OPPOSITION TO PLAINTIFF FACTORY MUTUAL INSURANCE COMPANY'S MOTION TO REASSIGN AND CONSOLIDATE CASES** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

    S. Joe Wellborn
    Jefferson C. Orr
    Brenden T. Holbrook
    Smith Cashion & Orr, PLC
    3100 West End Avenue, Suite 800
    Nashville, TN 37203

    William P. Thomas
    Andrew B. Schrack
    Butler Snow LLP
    6075 Poplar Avenue, Suite 500
    Memphis, TN 38119

        BY: /s/ Michael J. Petherick
            **SEAN W. MARTIN, BPR #020870**
            **MICHAEL J. PETHERICK, BPR #036155**