2IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| FACTORY MUTUAL INSURANCE COMPANY, as subrogee of Agilent Technologies, Inc., | * * * * | |
| Plaintiff, | * * | No. 2:25-cv-02424 |
| v. | * * | JURY DEMAND |
| XPEDIENT MANAGEMENT GROUP, LLC and ST. PAUL FIRE AND MARINE INSURANCE COMPANY, | * * * * | |
| Defendants. | * | |

**DEFENDANT ST. PAUL FIRE AND MARINE INSURANCE COMPANY'S RESPONSE IN OPPOSITION TO PLAINTIFF FACTORY MUTUAL INSURANCE COMPANY'S MOTION FOR LEAVE TO AMEND COMPLAINT**

COMES NOW the Defendant, St. Paul Fire and Marine Insurance Company ("St. Paul"), to submit its Response in Opposition to Plaintiff Factory Mutual Insurance Company's Motion for Leave to Amend Complaint ("Motion to Amend") [Doc 24].

**SUMMARY OF ARGUMENT**

Factory Mutual's Motion to Amend should be denied. Factory Mutual's proposed amendments are futile because they are conclusory and cannot withstand a *Fed. R. Civ. P.* 12(b)(6) motion. Moreover, Factory Mutual's proposed amendments are nothing more than an effort to thwart St. Paul's pending Motion to Dismiss [Doc 21].

**FACTUAL AND PROCEDURAL BACKGROUND**

This case arises from an incident which occurred on January 17, 2024 at a warehouse located at 4601 Cromwell Avenue, Memphis, Tennessee 38118. [Doc 1 ¶¶ 14, 38]. At the time of the incident, that warehouse was owned by St. Paul. [Doc 1 ¶ 14]. St. Paul leased portions of

the warehouse to Defendant Xpedient Management Group, LLC.  [Doc 1 ¶ 15].  Agilent Technologies, Inc. contracted with Xpedient to "store, warehouse and care for" Agilent's property.  [Doc 1 ¶ 15].  Agilent was insured through Factory Mutual.  [Doc 1 ¶ 42].  On January 17, 2024, a pipe in the fire sprinkler system in the warehouse burst because of cold temperatures and caused damage to Agilent's property.  [Doc 1 ¶ 38].  Factory Mutual claims that it paid $4,787,087.40 as a result of the damage to Agilent's property.  [Doc 1 ¶ 43].

Factory Mutual filed its Complaint with the Court on April 17, 2025.  [Doc 1].  In the Complaint, Factory Mutual seeks to recover the $4,787,087.40 it paid out pursuant to its insurance policy, pre-and-post judgment interest, punitive damages, and attorneys' fees.  [Doc 1].  In regard to its claims against St. Paul, Factory Mutual asserts negligence, gross negligence, and negligence *per se* claims.  [Doc 1 ¶¶ 93-126].  In regard to the negligence and gross negligence claims, Factory Mutual alleges that, as the owner of the warehouse, St. Paul had a duty to maintain and inspect its premises.  [Doc 1 ¶¶ 93-109].  In regard to its negligence *per se* claims, Factory Mutual alleges that St. Paul failed to comply with various provisions of the 2021 International Fire Code.  [Doc 1 ¶¶ 110-126].

In response to Factory Mutual's Complaint, St. Paul filed its Motion to Dismiss on June 4, 2025.  [Doc 21].  In that motion, St. Paul argues, in part, that Factory Mutual's Complaint should be dismissed because it cannot prove that St. Paul exercised control over the premises at issue at the time of the January 17, 2024 incident.  [Doc 21]; [Doc 21-1].  St. Paul also argues in that motion that Factory Mutual's negligence *per se* claims should be dismissed because the 2021 International Fire Code was not designed to prevent the type of injury Factory Mutual alleges.  [Doc 21]; [Doc 21-1].

On June 23, 2025, Factory Mutual filed its Motion to Amend.  [Doc 24].  In that motion, Factory Mutual requests that the Court permit it to "amend its Complaint as a matter of right or grant [it] leave to amend its complaint against Defendants."  [Doc 24].  With the motion, Factory Mutual filed its proposed First Amended Complaint.  [Doc 24-2].  In that proposed pleading, Factory Mutual adds allegations that "St. Paul and/or its designated agent retained actual control over the entire Cromwell Warehouse from at least May 22, 2023 to January 17, 2024" and that "St. Paul and/or its designated agent retained actual control over the entire Cromwell Warehouse sprinkler system and heating system from at least May 22, 2023 to January 17, 2024."  [Doc 24-2 ¶¶ 17-18].  With respect to its negligence *per se* claims against St. Paul, Factory Mutual's proposed First Amended Complaint adds an allegation that "[o]ne of the purposes of the IFC is to establish a reasonable level of property protection from dangerous conditions in existing buildings, structures, and premises."  [Doc 24-2 ¶ 116].

## LAW AND ARGUMENT

Under the *Federal Rules of Civil Procedure*, a party may amend its pleading as a matter of course within 21 days after serving it or, in pertinent part, within 21 days after service of a motion pursuant to *Fed. R. Civ. P.* 12(b).  *Fed. R. Civ. P.* 15(a)(1)(A)-(B).  If a party seeks leave to amend rather than just filing an amended pleading as a matter of course, that party waives its right to amend as a matter of course.  *Coventry First, LLC v. McCarty*, 605 F.3d 865, 870 (11th Cir. 2010).  If a party cannot amend as a matter of course, that party may "amend its pleading only with the opposing party's written consent or the court's leave." *Fed. R. Civ. P.* 15(a)(2).  Although a court should "freely give leave" to amend "when justice so requires," *Fed. R. Civ. P.* 15(a)(2), courts retain the discretion to deny leave to amend for several reasons.  Among other circumstances, courts deny leave to amend based on "'undue delay, bad faith or dilatory motive on the part of the

movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment . . . .'" *Skatemore, Inc. v. Whitmer*, 40 F.4th 727, 737 (6th Cir. 2022) (quoting *Parchman v. SLM Corp.*, 896 F.3d 728, 736 (6th Cir. 2018)). "An amendment is futile when, after including the proposed changes, the complaint still 'could not withstand a Rule 12(b)(6) motion to dismiss.'" *Id.* (quoting *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010)). To withstand a motion to dismiss pursuant to *Fed. R. Civ. P.* 12(b)(6), "it is not enough that the complaint contains 'facts that are merely consistent with a defendant's liability;' rather, a plaintiff must allege 'facts—not legal conclusions or bald assertions—supporting a 'plausible' claim for relief.'" *Merrick v. Diageo Ams. Supply, Inc.*, 5 F. Supp. 3d 865, 869 (W.D. Ky. 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A complaint that offers legal conclusions or a recitation of the elements of a cause of action will not meet this pleading standard." *Id.*

Factory Mutual's Motion to Amend should be denied. As an initial matter, Factory Mutual waived its right to amend as a matter of course by seeking leave to amend rather than just exercising its right and filing its amended pleading. Notwithstanding that waiver, the allegations about "actual control" Factory Mutual seeks to assert against St. Paul are futile because they constitute nothing more than legal conclusions, which are disregarded when determining the sufficiency of a complaint. *See id.* Factory Mutual's allegation that "[o]ne of the purposes of the IFC is to establish a reasonable level of property protection from dangerous conditions in existing buildings, structures, and premises" is likewise futile. [Doc 24-2 ¶ 116]. The IFC contains an express description of its purpose: to provide "a reasonable level of life safety and property protection from the **hazards of fire, explosion or [other such] dangerous conditions** in new and existing buildings . . . ." IFC § 101.3 (emphasis added); *see also Plaintiffs v. Kroger Ltd. P'ship*

*I*, No. 2:24-cv-00060, 2025 U.S. Dist. LEXIS 99908, at *14-15 (M.D. Tenn. May 27, 2025) (discussing the requirements of the IFC and concluding it did not prevent the variety of injury claimed in a premises liability case). Factory Mutual's allegations cannot change the express purpose of the IFC. Factory Mutual's Motion to Amend is nothing more than a futile attempt to thwart St. Pauls' Motion to Dismiss, and it should therefore be denied.

## CONCLUSION

Factory Mutual's Motion to Amend should be denied. In addition to waiving its right to amend as a matter of course, Factory Mutual's proposed amendments regarding "actual control" and its negligence *per se* claims are futile. Moreover, Factory Mutual's Motion to Amend is nothing more than an unsuccessful attempt to thwart St. Paul's Motion to Dismiss. Accordingly, St. Paul respectfully requests that the Court enter an order denying Factory Mutual's Motion to Amend in its entirety.

Respectfully submitted,

**CARR ALLISON**

BY: /s/ Michael J. Petherick
    **SEAN W. MARTIN, BPR #020870**
    **MICHAEL J. PETHERICK, BPR #036155**
    Attorneys for St. Paul
    633 Chestnut Street, Suite 2000
    Chattanooga, TN 37450
    (423) 648-9832 / (423) 648-9869 FAX
    swmartin@carrallison.com
    mpetherick@carrallison.com

**CERTIFICATE OF SERVICE**

I hereby certify that on July 7, 2025, I electronically filed **DEFENDANT ST. PAUL FIRE AND MARINE INSURANCE COMPANY'S RESPONSE IN OPPOSITION TO FACTORY MUTUAL INSURANCE COMPANY'S MOTION FOR LEAVE TO ADMEND COMPLAINT** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

S. Joe Wellborn
Jefferson C. Orr
Brenden T. Holbrook
Smith Cashion & Orr, PLC
3100 West End Avenue, Suite 800
Nashville, TN 37203

William P. Thomas
Andrew B. Schrack
Butler Snow LLP
6075 Poplar Avenue, Suite 500
Memphis, TN 38119

BY: /s/ Michael J. Petherick

**SEAN W. MARTIN, BPR #020870**
**MICHAEL J. PETHERICK, BPR #036155**
