IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| FACTORY MUTUAL INSURANCE COMPANY, as subrogee of AGILENT TECHNOLOGIES, INC., | ) ) ) ) ) |
| Plaintiff, | ) Case No. 2:25-cv-02424-MSN-TMP ) ) JURY DEMANDED ) ) |
| v. | ) ) |
| XPEDIENT MANAGEMENT GROUP, LLC and ST. PAUL FIRE AND MARINE INSURANCE COMPANY | ) ) ) ) |
| Defendants. | ) |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE A REPLY TO ST. PAUL FIRE AND MARINE INSURANCE COMPANY'S RESPONSE TO PLAINTIFF'S MOTION TO CONSOLIDATE**

Plaintiff Factory Mutual Insurance Company ("FMIC"), as subrogee of Agilent Technologies, Inc. ("Agilent"), by and through undersigned counsel, respectfully submits this Memorandum of Law in Support of its Motion for Leave to File a Reply to St. Paul Fire and Marine Insurance Company's ("St. Paul") Response to FMIC's Motion to Consolidate ("Response") [Doc. 28].

**I. BACKGROUND**

This subrogation case and the related case of *Agilent Technologies, Inc. v. Xpedient Management Group, LLC and St. Paul Fire and Marine Ins. Co.*, U.S. District Court, Western District, Western Division, Case No. 2:25-CV-02101-MSN-CGC (the "*Agilent*" Case) arise from the exact same circumstance: a frozen sprinkler pipe in a warehouse owned by Defendant St. Paul burst and damaged Agilent's inventory (the "Loss Event") being stored in that warehouse by

Defendant Xpedient Management Group, LLC ("Xpedient"). [Doc. 1]. Agilent sustained in excess of $9 million in damages as a result of the Loss Event. [Doc. 1, ¶ 41]. FMIC insured Agilent's inventory and paid Agilent $4,787,087.40 for the damage sustained by Agilent as a result of the Loss Event. [Doc. 1, ¶ 43]. In this action, FMIC seeks to recover *only* its subrogated portion of the damages sustained by Agilent.

On June 23, 2025, FMIC filed its Motion to Re-Assign and Consolidate. [Doc 23]. In that motion, FMIC moved the Court to reassign this lawsuit to Judge Mark S. Norris and moved the Court to consolidate this case with the "*Agilent*" Case for discovery and trial ("Motion to Consolidate"). [Doc 23]. Agilent and Xpedient did not oppose the Motion to Consolidate. [Doc 23, p. 4]. On June 27, 2025, the Court entered an order directing the clerk to reassign this case to Judge Mark S. Norris. [Doc 25].

On July 7, 2025, St. Paul filed its Response (the "Response") to the Motion to Consolidate. [Doc 28]. In that Response, St. Paul, without citing to any jurisprudence that stands for the proposition that a subrogated insurer's *only* option under these circumstances is intervention, argues FMIC's Motion to Consolidate should be denied "because FMIC's lawsuit should never have been filed. Rather than file its own lawsuit seeking the same damages its insured claims, [FMIC] should have intervened in Agilent's lawsuit because it 'claims an interest' in the same damages." [Doc 28 at p. 3]. St. Paul's argument in this regard is contrary to Tennessee and federal law and as a result, FMIC respectfully requests that this Court permit FMIC to file a reply so that it may respond to St. Paul's misplaced and incorrect legal assertions.

## II. ARGUMENT

Local Rule 7.2(c) states that "reply memoranda may be filed only upon court order granting a motion for leave to reply." Where a party believes a "reply is necessary, it shall file a motion for

2

leave to file a reply accompanied by a memorandum setting forth the reasons for which a reply is required." LR 7.2(c). The "purpose of a reply brief is to allow the movant to rebut the nonmovant's response, thereby persuading the Court that the movant is entitled to the requested relief." *Parchman v. SLM Corporation*, 2018 U.S. Dist. LEXIS 245975, *4-5 (W.D. Tenn. July 3, 2018).

FMIC requests leave to file a reply because St. Paul has raised inaccurate and misleading legal arguments in its Response. Specifically, St. Paul misrepresents to this Court that the Tennessee Supreme Court decision in *National Cordova Corp. v.* Memphis, 380 S.W.2d 793 (Tenn. 1964) stands for the proposition that since Agilent has already filed a lawsuit against St. Paul to recover damages arising from the subject Loss Event, then FMIC, as Agilent's subrogated insurer, is barred from bringing the instant lawsuit against St. Paul to recover the subrogated portion of Agilent's damages. St. Paul's reliance upon *National Cordova Corp.* is misplaced however because *National Cordova Corp.* is a *res judicata* case, not a situation like the instant matter where an insured and its subrogated insurer have filed separate lawsuits in the same court that are in the early stages, no judgment has been entered in either, and the subrogated insurer moves to consolidate the two cases for discovery and trial. *National Cordova Corp. v. Memphis*, 380 S.W.2d 793 (Tenn. 1964).

In *National Cordova Corp.*, subrogated insurance carriers who paid damages for losses growing out of a fire, commenced an action *in the name of their insured for and on their behalf* in the Federal District Court, but were *unsuccessful before a jury* and their *case was dismissed*. *National Cordova Corp. v. Memphis*, 380 S.W.2d 793, 795-96 (Tenn. 1964). Those same insurance companies then filed a lawsuit against the same defendants in state court, and the state trial court dismissed the lawsuit on *res judicata* grounds finding the decision in the federal court lawsuit was a bar to the state court lawsuit. *Id.*

3

In affirming the trial court's dismissal, the Tennessee Supreme Court reasoned and held as follows:

> If a plaintiff fails to sue for the entire damages done him by tort, a second action for the damages omitted will be precluded by the judgment in the first suit brought and tried.
>
>     \*        \*        \*
>
> [W]hen an insured ***sues and collects for his damages*** against a third party, the subrogation carrier is then barred from bringing its own suit against the same defendant even though the type of damage for which the carrier is suing is different from that for which the insured sued.
>
>     \*        \*        \*
>
> The ***insurance companies were the real parties and plaintiffs in interest in the case in the Federal District Court and in the instant case***. Therefore, under all of the authority of this State they were required to prosecute a single action for their losses if brought, as here, through a nominal plaintiff.

*Id.* at 797-98 (emphasis added).

St. Paul conveniently leaves out "***and collects for his damages***" from its citation to the *National Cordova Corp.* case on page 4 of its Response. *National Cordova Corp.* does not stand for the proposition cited by St. Paul, and that proposition is not applicable to this case. In *National Cordova Corp.* the insurance companies were the only real parties in interest. Here, there are two real parties in interest with respect to the damages arising from this Loss Event: Agilent for the uninsured portion of Agilent's damages and FMIC for the insured portion.

If anything, *National Cordova Corp.* helps FMIC, as *National Cordova Corp.* clearly stands for the proposition that upon FMIC's payment of Agilent's losses, FMIC became subrogated to the rights of Agilent and could bring a suit to recover the losses paid by them, *because for those losses paid to Agilent, FMIC, and not Agilent, became the real plaintiff in interest* with respect to the losses paid to Agilent both under federal law and under Tennessee law.

4

*Id.*; see also *Solectron USA, Inc. ex rel. Fidelity & Deposit Co. of Md. v. FedEx Ground Package Sys., Inc.*, 520 F. Supp. 2d 904, 911 (W.D. Tenn. 2007) (quoting *Kentucky Nat'l Ins. Co. v. Gardner*, 6 S.W.3d 493, 499 (Tenn. Ct. App. 1999)).

Thus, Tennessee law is clear that upon payment by the insurer of a loss, it becomes the real party in interest with respect to the subrogation claim, and has the right to bring suit in the name of the insured, or in its own name. *Travelers Ins. Co. v. Williams*, 541 S.W.2d 587, 590 (Tenn. 1976) (citations omitted). Tennessee law is also clear that the insurer **may** intervene in an action brought by the insured against a wrongdoer and assert its subrogation claim therein. *Globe & Rutgers Fire Ins. Co. v. Cleveland*, 34 S.W.2d 1059 (1931); but, it cannot bring suit against the wrongdoer after judgment has been rendered in the insured's action. *National Cordova Corp.*, 380 S.W.2d 793, 797-98. In short, the subrogation claim is the property of the insurer to deal with as it pleases so long as the rights of others, e.g., the insured or the wrongdoer, are not prejudiced. *Travelers Ins. Co.*, 541 S.W.2d at 590.

Here, Agilent and FMIC are both real parties in interest under Fed. R. Civ. P. Rule 17(a). Tennessee law is clear that FMIC, as a real party in interest, can either pursue its own action against St. Paul and Xpedient for the subrogated portion of the loss *or* intervene in Agilent's action. This is not a scenario where FMIC's only option is intervention in the *Agilent* Case, and St. Paul has put forth zero jurisprudence in support thereof. St. Paul will not be prejudiced by consolidation of this case with the *Agilent* case, and Agilent and Xpedient have no opposition to consolidation.

### III. CONCLUSION

This Court should grant FMIC's Motion to allow FMIC the opportunity to reply to the arguments raised by St. Paul in its Response. If granted, FMIC requests that the Court allow it to file its reply within seven (7) days.

Respectfully submitted,

/s/ S. Joe Welborn
S. Joe Welborn, TN BPR No. 21747
Brenden T. Holbrook, TN BPR No. 39485
SMITH CASHION & ORR, PLC
3100 West End Avenue
Suite 800 – One American Center
Nashville, TN 37203
(615) 742-8586 – Tel
jwelborn@smithcashion.com
bholbrook@smithcashion.com

*Attorneys for Plaintiff Factory Mutual Insurance Company, as subrogee of Agilent Technologies, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on July 14, 2025, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Sean W. Martin
Michael J. Petherick
633 Chestnut Street, Suite 2000
Chattanooga, TN 37450
(423) 648-9832 / (423) 648-9869 FAX
swmartin@carrallison.com
mpetherick@carrallison.com
*Attorneys for St. Paul Fire and Marine Insurance Company*

William P. Thomas
Andrew B. Schrack
Butler Snow LLP
6075 Poplar Avenue, Suite 500
Memphis, TN 38119
Will.Thomas@butlersnow.com
Andrew.Schrack@butlersnow.com

/s/ S. Joe Welborn
S. Joe Welborn

6