IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| FACTORY MUTUAL INSURANCE COMPANY, as subrogee of AGILENT TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> XPEDIENT MANAGEMENT GROUP, LLC and ST. PAUL FIRE AND MARINE INSURANCE COMPANY <br><br> Defendants. | Case No. 2:25-cv-02424-MSN-TMP <br><br> JURY DEMANDED |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE A REPLY TO ST. PAUL FIRE AND MARINE INSURANCE COMPANY'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**

Plaintiff Factory Mutual Insurance Company ("FMIC"), as subrogee of Agilent Technologies, Inc. ("Agilent"), by and through undersigned counsel, respectfully submits this Memorandum of Law in Support of its Motion for Leave to File a Reply to St. Paul Fire and Marine Insurance Company's ("St. Paul") Response to FMIC's Motion for Leave to Amend Complaint ("Response") [Doc. 29].

I. BACKGROUND

This subrogation case arises from a water loss incident that caused substantial damage in excess of $9 million to Agilent's consumable goods inventory stored at a warehouse owned and operated by St. Paul in Memphis, Tennessee (the "Warehouse"). The damage stems from the failure by St. Paul, as owner of the Warehouse, and Xpedient, as warehousing company storing Agilent's inventory, to maintain the necessary and code required temperatures inside the

Warehouse to ensure that the wet pipe fire sprinkler system in the Warehouse would not freeze and burst. [Doc. 1]. Agilent sustained in excess of $9 million in damages as a result of the Loss Event. [Doc. 1, ¶ 41]. FMIC insured Agilent's inventory and paid Agilent $4,787,087.40 for the damage sustained by Agilent as a result of the Loss Event. [Doc. 1, ¶ 43]. In this action, FMIC seeks to recover its subrogated portion of the damages sustained by Agilent.

St. Paul filed a Motion to Dismiss on June 4, 2025 [Doc. 21] based upon the first-to-file rule and based upon its *misplaced* argument that FMIC cannot prove the prima facie element of duty in its negligence, gross negligence and negligence per se claims because FMIC did not expressly allege in its Complaint that St. Paul, as owner of the Warehouse, was in "actual control" of the Warehouse. FMIC disagrees with St. Paul's contentions in this regard for many reasons, because FMIC's Complaint is full of factual content that would allow this Court to draw the reasonable inference that St. Paul was in control of the Warehouse and is liable for the misconduct alleged in the Complaint.[1]

Nevertheless, on June 23, 2025 FMIC filed a Motion for Leave to Amend its Complaint as allowed by Rule 15(a) of the Federal Rules of Civil Procedure ("Motion to Amend"). [Doc 24]. In FMIC's memorandum of law in support of that motion, FMIC argued that it should be allowed to amend its Complaint as a matter of right under Fed. R. Civ. P. 15 (a)(1)(B), and to the extent this Court determines FMIC cannot amend its Complaint as a matter of right, FMIC argued that it should be granted leave to amend its Complaint pursuant to Fed. R. Civ. P. 15 (a)(2). [Doc 24-1, p. 4-5].

On July 7, 2025, St. Paul filed its Response. [Doc 29]. In that Response, St. Paul contends that FMIC's Motion to Amend is nothing more than a futile attempt to thwart St. Pauls' Motion to

---

[1] FMIC filed its Response in Opposition to St. Paul's Motion to Dismiss. [Doc. 27].

2

Dismiss,[2] and also argues that FMIC waived its right to amend as a matter of course by seeking leave to amend rather than just exercising its right and filing its amended pleading. [Doc 29 at p. 4]. St. Paul's arguments are contrary to law and as a result, FMIC respectfully requests that this Court permit FMIC to file a reply so that it may respond to St. Paul's misplaced and incorrect legal assertion.

## II. ARGUMENT

Local Rule 7.2(c) states that "reply memoranda may be filed only upon court order granting a motion for leave to reply." Where a party believes a "reply is necessary, it shall file a motion for leave to file a reply accompanied by a memorandum setting forth the reasons for which a reply is required." LR 7.2(c). The "purpose of a reply brief is to allow the movant to rebut the nonmovant's response, thereby persuading the Court that the movant is entitled to the requested relief." *Parchman v. SLM Corporation*, 2018 U.S. Dist. LEXIS 245975, *4-5 (W.D. Tenn. July 3, 2018).

FMIC requests leave to file a reply because St. Paul's argument that FMIC has waived its right to amend under Rule 15(a)(1) is inaccurate and misleading. Courts in the Sixth Circuit have found "that a plaintiff retains the right to amend as a matter of course, even when requesting leave to amend, so long as he submits to the Court that he may amend his pleading as a matter of course." *Steele v. Lvnv Funding LLC*, 2016 U.S. Dist. LEXIS 17335, at *2 (E.D. Tenn. Feb. 12, 2016); *Southall v. USF Holland, LLC*, 2020 U.S. Dist. LEXIS 262263, *4-5 (M.D. Tenn. Apr. 10,

---

[2] Even if FMIC's Motion to Amend were an attempt to thwart St. Paul's Motion to Dismiss, which it is not, case law from courts in the Sixth Circuit is clear that even when a complaint is subject to dismissal, which is what both Defendants have urged this Court to do, "the Court may grant leave to amend to allow Plaintiff an opportunity to supply the clarifying information." *Bailey v. Williams*, 2025 U.S. Dist. LEXIS 50140, *9 (M.D. Tenn. Mar. 19, 2025); *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). This is so because "it is quite common for a plaintiff to file a motion to amend in order to cure deficiencies exposed in a motion to dismiss." *Smith v. Robbins & Myers, Inc.*, 2012 U.S. Dist. LEXIS 164868, 2012 WL 5845072, at *4 (S.D. Ohio Nov. 19, 2012).

3

2020). That is precisely what FMIC did here by filing a motion to amend that asserts its right to proceed under Rule 15(a)(1) and, in the alternative, argues that leave to amend should be granted under Rule 15(a)(2). [Doc. 24-1].

### III. CONCLUSION

This Court should grant FMIC's Motion to allow FMIC the opportunity to reply to the arguments raised by St. Paul in its Response. If granted, FMIC requests that the Court allow it to file its reply within seven (7) days.

Respectfully submitted,

/s/ S. Joe Welborn
S. Joe Welborn, TN BPR No. 21747
Brenden T. Holbrook, TN BPR No. 39485
SMITH CASHION & ORR, PLC
3100 West End Avenue
Suite 800 – One American Center
Nashville, TN 37203
(615) 742-8586 – Tel
jwelborn@smithcashion.com
bholbrook@smithcashion.com

*Attorneys for Plaintiff Factory Mutual Insurance Company, as subrogee of Agilent Technologies, Inc.*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on July 14, 2025, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

    Sean W. Martin
    Michael J. Petherick
    633 Chestnut Street, Suite 2000
    Chattanooga, TN 37450
    (423) 648-9832 / (423) 648-9869 FAX
    swmartin@carrallison.com
    mpetherick@carrallison.com
    *Attorneys for St. Paul Fire and Marine Insurance Company*

    William P. Thomas
    Andrew B. Schrack
    Butler Snow LLP
    6075 Poplar Avenue, Suite 500
    Memphis, TN 38119
    Will.Thomas@butlersnow.com
    Andrew.Schrack@butlersnow.com

                                              */s/ S. Joe Welborn*
                                              S. Joe Welborn