## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | | |
|---|---|---|
| **FACTORY MUTUAL INSURANCE COMPANY, as subrogee of Agilent Technologies, Inc.,** | * | |
| | * | |
| | * | |
| | * | |
| Plaintiff, | * | |
| | * | No. 2:25-cv-02424 |
| v. | * | |
| | * | JURY DEMAND |
| **XPEDIENT MANAGEMENT GROUP, LLC and ST. PAUL FIRE AND MARINE INSURANCE COMPANY,** | * | |
| | * | |
| | * | |
| | * | |
| Defendants. | * | |

## DEFENDANT ST. PAUL FIRE AND MARINE INSURANCE COMPANY'S
## REPLY IN FURTHER SUPPORT OF ITS MOTION TO DISMISS

COMES NOW the Defendant, St. Paul Fire and Marine Insurance Company ("St. Paul"), to submit its Reply in Further Support of its Motion to Dismiss pursuant to *Local Rule* 12.01(c).

## I.    Factory Mutual's lawsuit should be dismissed under the first-to-file rule.

In its Response in Opposition to St. Paul's Motion to Dismiss [Doc 27], Plaintiff Factory Mutual Insurance Company argues that the Court should decline to apply the first-to-file rule for two reasons. First, Factory Mutual argues that, because both its lawsuit and the lawsuit of its insured, Agilent Technologies, Inc., are pending in the same district court, the first-to-file rule cannot apply. [Doc 26, PageID# 231-232]. Second, Factory Mutual argues that the first-to-file rule cannot apply because it and "Agilent are simply not identical parties" and because it asserts two additional claims against the defendants that are not asserted in Agilent's lawsuit. [Doc 26, PageID# 232]. Each of these arguments lacks merit.

Federal courts apply the first-to-file rule and dismiss duplicative lawsuits even when the lawsuits are pending in the same district court. *See Chapa v. Mitchell*, No. A-05-CV-769-JN, 2005

U.S. Dist. LEXIS 42441, at *5-6 (W.D. Tex. Nov. 4, 2005); *McGraw-Hill Glob. Educ., LLC v. Griffin*, No. 5:14-CV-00042-TBR, 2014 U.S. Dist. LEXIS 154682, at *16-17 (W.D. Ky. Oct. 30, 2014); *Brody v. Hawaiian Airlines, Inc.*, No. 22-00482 HG-WRP, 2023 U.S. Dist. LEXIS 81616, at *4-6 (D. Haw. May 10, 2023).  The mere fact that Factory Mutual's lawsuit and Agilent's lawsuit are pending in the same district court does not preclude the Court from applying the first-to-file rule and dismissing Factory Mutual's lawsuit.

Factory Mutual's argument that the first-to-file rule cannot apply because the parties and claims asserted in the two lawsuits are not "identical" similarly lacks merit.  There is no requirement under the first-to-file rule that the parties and claims in lawsuits be identical; lawsuits need only "substantially overlap" in order for the first-to-file rule to apply.  *Save Power v. Syntek Fin. Corp.*, 121 F.3d 947, 950-51 (5th Cir. 1997).  As already argued in more detail in St. Paul's Motion to Dismiss, both lawsuits involve the exact same defendants and were filed by plaintiffs who are substantially the same.  Moreover, even though Factory Mutual may assert some additional claims against St. Paul which were not asserted by Agilent, those claims arise from the exact same conduct—namely, the defendants' purported failure to maintain a premises.

## II.    Factory Mutual's arguments about exceptions to the doctrine of *caveat lessee* are superfluous because it cannot prove that St. Paul exercised control over the premises.

Factory Mutual also argues in its Response in Opposition to St. Paul's Motion to Dismiss that St. Paul, an out-of-possession landlord, may be liable based on several exceptions to the doctrine of *caveat lessee*.  [Doc 26, PageID# 233-237].  While it is true that Tennessee courts recognize exceptions to the doctrine of *caveat lessee*, they also recognize that, "[d]espite these legislative and judicial inroads into the *caveat lessee* doctrine, property owners are not liable for all dangerous conditions on leased property."  *Denton v. Hahn*, No. M2003-00342-COA-R3-CV, 2004 Tenn. App. LEXIS 605, at *20 (Tenn. Ct. App. Sep. 16, 2004).  Despite those exceptions,

landlords may only be liable to third parties for dangerous conditions on areas of premises which remain "under their control." *Id.* at 20-24; *Johnson v. EMPE, Inc.*, 837 S.W.2d 62, 65 (Tenn. Ct. App. 1992) ("The law places the duty upon the person in control of premises to exercise reasonable and ordinary care, under the circumstances, not to cause injury . . . ."). Because Factory Mutual cannot demonstrate that St. Paul exercised control over the premises at the time of the January 2024 incident, its arguments about exceptions to the doctrine of *caveat lessee* are superfluous and misplaced.[1]

## III. Factory Mutual cannot prove its negligence *per se* claims based on the IFC.

Factory Mutual also argues in its Response in Opposition to St. Paul's Motion to Dismiss that St. Paul is "just flat wrong" about its interpretation of the IFC and that the IFC was specifically designed to protect against the variety of injury Factory Mutual claims. [Doc 27, PageID# 239-241]. Specifically, Factory Mutual argues that the IFC broadly protects all persons from injury and property damage resulting from *all* dangerous conditions on premises. [Doc 27, PageID# 239-241]. Factory Mutual's interpretation of the IFC's purpose is overly broad and unworkable. Under that interpretation, Tennessee courts could be flooded with negligence *per se* claims totally unrelated to "the hazards of fire, explosion[s,] [and other such] dangerous conditions . . . ." IFC § 101.3. The purpose of the IFC is to protect against the hazards of fire, explosions, and similarly dangerous phenomena—not all dangerous conditions that may exist in a building.

---

[1] Further, with respect to Factory Mutual's arguments about the negligence *per se* claim exception, for the reasons already stated in St. Paul's Motion to Dismiss and elsewhere in this reply, Factory Mutual cannot succeed on its negligence *per se* claims because it cannot prove that the 2021 International Fire Code was designed to protect against the variety of injury Factory Mutual claims.

**IV.    Factory Mutual failed to sufficiently plead St. Paul's control of the premises.**

Factory Mutual argues in its Response in Opposition to St. Paul's Motion to Dismiss that its "Complaint is full of factual content that can only lead this Court to draw the reasonable and common sense inference that St. Paul was in actual control of the" premises involved in the January 2024 incident.  [Doc 27, PageID# 237-239].  In support of that argument, Factory Mutual references allegations in its Complaint that St. Paul owned the premises[2] and failed to take action to remedy allegedly dangerous conditions.  [Doc 27, PageID# 238].  When deciding *Fed. R. Civ. P.* 12(b)(6) motions, federal courts must "disregard any legal conclusions," *Ryan v. Blackwell*, 979 F.3d 519, 524 (6th Cir. 2020), and determine whether a complaint contains sufficient "'facts—not legal conclusions or bald assertions—supporting a 'plausible' claim for relief.'" *Merrick v. Diageo Ams. Supply, Inc.*, 5 F. Supp. 3d 865, 869 (W.D. Ky. 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  St. Paul's ownership of the premises alone is insufficient to establish whether it exercised control over the premises.  Moreover, Factory Mutual's allegations about St. Paul's purported failure to remedy dangerous conditions on the premises are mere legal conclusions, which the Court must disregard.  Far from stating a plausible claim for relief, Factory Mutual failed to allege facts supporting an essential element of its claims against St. Paul.  Factory Mutual even implicitly acknowledged this deficiency by seeking leave to file an amended complaint with additional allegations pertaining to St. Paul's control over the premises.[3]

---

[2] With respect to its allegation that St. Paul owned the premises, Factory Mutual cites case law from New York for the proposition that St. Paul must affirmatively prove that it lacked control of the premises.  [Doc 27, PageID# 239].  In addition to contradicting Tennessee case law about control over premises, the case law relied upon by Factory Mutual is not binding on the Court.

[3] As St. Paul already argued in its Response in Opposition to Factory Mutual's Motion for Leave to Amend Complaint [Doc 29], even with those additional allegations, Factory Mutual's First Amended Complaint likewise fails to plead sufficient facts establishing St. Paul's control over the premises.

## **CONCLUSION**

Factory Mutual's lawsuit should be dismissed under the first-to-file rule.  Further, St. Paul cannot be liable under Tennessee law as an out-of-possession landlord who did not exercise control over the premises where the January 2024 incident occurred.  Moreover, Factory Mutual cannot prove its negligence *per se* claims because the ordinances they are based on were not designed to prevent the damages Factory Mutual claims.  Accordingly, St. Paul respectfully requests that the Court enter an order granting its Motion to Dismiss and dismissing Factory Mutual's Complaint against it in its entirety and with prejudice.

Respectfully submitted,

**CARR ALLISON**

BY: /s/ Michael J. Petherick
      **SEAN W. MARTIN, BPR #020870**
      **MICHAEL J. PETHERICK, BPR #036155**
      Attorneys for St. Paul
      633 Chestnut Street, Suite 2000
      Chattanooga, TN 37450
      (423) 648-9832 / (423) 648-9869 FAX
      swmartin@carrallison.com
      mpetherick@carrallison.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 16, 2025 I electronically filed **DEFENDANT ST. PAUL FIRE AND MARINE INSURANCE COMPANY'S REPLY IN FURTHER SUPPORT OF ITS MOTION TO DISMISS** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

S. Joe Wellborn
Jefferson C. Orr
Brenden T. Holbrook
Smith Cashion & Orr, PLC
3100 West End Avenue, Suite 800
Nashville, TN 37203

William P. Thomas
Andrew B. Schrack
Butler Snow LLP
6075 Poplar Avenue, Suite 500
Memphis, TN 38119

BY: /s/ Michael J. Petherick
      **SEAN W. MARTIN, BPR #020870**
      **MICHAEL J. PETHERICK, BPR #036155**