IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| AGILENT TECHNOLOGIES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 2:25-cv-02101-MSN-cgc |
| XPEDIENT MANAGEMENT GROUP, LLC ) | |
| and ST. PAUL FIRE AND MARINE ) | Judge Mark S. Norris |
| INSURANCE COMPANY, ) | Magistrate Judge Charmaine |
| ) | Claxton |
| Defendants. ) | |
| ) | |
| ) | |
| XPEDIENT MANAGEMENT GROUP, LLC, ) | |
| ) | |
| Cross-Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| ST. PAUL FIRE AND MARINE INSURANCE ) | |
| COMPANY ) | |
| ) | |
| Cross-Defendant, ) | |
| ) | |
| ) | |
| FACTORY MUTUAL INSURANCE CO., as ) | |
| subrogee of Agilent Technologies, Inc., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 2:25-cv-02424-MSN-tmp |
| XPEDIENT MANAGEMENT GROUP, LLC ) | |
| and ST. PAUL FIRE AND MARINE ) | JURY DEMANDED |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendants. ) | |

**AMENDED NOTICE OF DEPOSITION**

PLEASE TAKE NOTICE the undersigned counsel for Defendant Xpedient Management Group, LLC will take the deposition upon oral examination of Stephen T. Hopper in the above-captioned matter before a court reporter or such other person authorized to administer oaths and take acknowledgements of the deponent as follows:

| | |
|---|---|
| DATE: | April 10, 2026, at 10:00 A.M. CST |
| DEPONENT: | Stephen T. Hopper |
| LOCATION: | Conducted via Zoom videoconference. Zoom instructions will be provided prior to the deposition. |

The deposition will be taken for all purposes and as authorized by the Federal Rules of Civil Procedure and will continue from day to day until completed. The deposition shall be recorded by stenographic means by a court reporter and may be used for the purposes of discovery or for use as evidence at trial, or both.  The deposition will be conducted remotely via secure web-based video or internet video conference technology.

PLEASE TAKE FURTHER NOTICE that the Deponent should produce the documents requested in the attached Schedule "A" no later than seven (7) days prior to the April 10, 2026 deposition or on or before April 3, 2026.

RESPECTFULLY SUBMITTED, this 6th day of March 2026.

        */s/ William P. Thomas*
        William P. Thomas (MS 102209)
        Andrew B. Schrack (TN 037624)
        **BUTLER SNOW LLP**
        6075 Poplar Ave., Ste. 500
        Memphis, TN 38119
        T: 901-680-7200
        F: 901-680-7201
        will.thomas@butlersnow.com
        andrew.schrack@butlersnow.com

        *Attorneys for Defendant Xpedient Management Group, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 6, 2026, a copy of the foregoing document has been filed electronically. Notice of this filing will be served by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served via electronic mail and/or first-class United States Mail, postage prepaid. Parties may access this filing through the Court's electronic filing system.

*/s/ William P. Thomas*
WILLIAM P. THOMAS

## **SCHEDULE "A"**

1)     Your entire file for in this matter including facts/data considered, materials relied upon, photographs, videos, testing data, and compensation information. This request does not include draft reports or communication with the attorneys, unless that communication relates to compensation, facts/data provided by counsel and considered, and/or assumptions provided by counsel and relied upon. Should documents otherwise responsive to this request be withheld or asserted grounds of attorney/client privilege or work/product, please provide a log with the following information:

    a)     nature of the privilege (including work product) which is being claimed and if the privilege is being asserted in connection with a claim or defense governed by state law, indicate the state's privilege rule being invoked;

    b)     The following information shall be provided in the objection, unless divulgence of such information would cause disclosure of the allegedly privileged information; and

    c)     For documents: (1) the type of document; (2) general subject matter of the document; (3) the date of the document; (4) such other information as is sufficient to identify the document for a subpoena duces tecum, including, where appropriate, the author of the document, the addressee of the document, and where not apparent, the relationship of the author and addressee to each other.

2)     Any and all materials you considered in forming the opinions expressed in this case, including, but not limited to, depositions, witness statements, correspondence, photographs, reports, books, articles, literature, films, tests, experiments, statements, drawings, or other reference materials that you considered in forming the opinions expressed in this case.

3)     Any and all notes, and records you, your agents, servants or employees prepared or furnished in this case.

4)     Any and all reports which were furnished to you, your agents, servants or employees by other experts in this case.

5)     Your complete billing file in this case, including, but not limited to, the charges you have rendered, the statements that you have rendered, the time spent on this case, and other relevant materials concerning the time and billings on this case.

6)     Any and all notes, writings, calculations, memoranda, etc., which you, your agents, servants or employees have prepared in this case.

7)     Any and all papers you have published and which you rely upon or base any opinions on in this case.

99801985.v1